THE CUMBERLAND COAL AND IRON COMPANY *vs.* JAMES SCALLY.

*Liability of Railroad Companies for Injuries done to their Employees—Province of the Court and of the Jury—Practice.*

When several persons are employed in the same general service, and one is injured by the carelessness of another, though the negligent servant in his grade of employment is superior to the one injured, the employer is not responsible. The liability to injury of one, from the carelessness of his fellows, is but an ordinary risk against which the law furnishes no protection, but by an action against the wrongdoer. And though it is the duty of a railroad company to exercise all reasonable care in procuring, for its operation, sound machinery, and faithful and competent employees, and though it is liable to its servants for the neglect of this duty; yet, after it has procured such machinery and employees, it is not liable to a servant for the injuries occasioned by the neglect of any of its co-servants, employed in the same general business of operating the road.

The Cumberland Coal and Iron Company *vs.* Scally.

A Court of original jurisdiction should not submit to the jury the finding of a fact, of which there is no evidence; but if there be any evidence tending to prove it, it would be trenching on the province of the jury to refuse the instruction, because the evidence on which it was founded might not be deemed conclusive by the Court.

The sufficiency of evidence to satisfy a jury, or the circumstance that it is all on one side, does not authorize the Court to direct the jury that it proves the fact. They have the power to refuse their credit, and no action of the Court should control the exercise of their admitted right to weigh the credibility of evidence.

The Court is justified in refusing an instruction, for the reason that it is too complicated and involved, to furnish a guide to the jury.

APPEAL from the Circuit Court for Washington County.

This was an action instituted by the appellee against the appellant, on the 19th of September, 1862, in the Circuit Court for Allegany County, to recover for injuries sustained by the former, while employed by and at work on a railroad of the latter. The defendant pleaded that it did not commit any of the wrongs alleged, and that the injury complained of was caused solely by the negligence and want of care of the plaintiff. The case subsequently, at the instance of the plaintiff, was removed to the Circuit Court for Washington County.

*Exception:* Upon all the evidence in the cause the plaintiff asked the following instruction :

That if the jury shall find, that the plaintiff was, during the fall of the year 1861, an employee of the defendants, as a miner in the coal mines of the defendants, in Allegany county ; and that said defendants at that time, were the owners and operators of a railroad, leading from their said mines to the town of Cumberland ; and that said railroad was of heavy and difficult grade for the greater part of the length thereof; and that said defendants used for the transportation and conveyance of the burden and loadened cars over said road, and down the grade thereof, a steam engine or engines ; and that said plaintiff, so being employed as a miner as aforesaid, in

The Cumberland Coal and Iron Company *vs.* Scally.

the latter part of October, or about the first of November, in the said year 1861, upon a sudden break and obstruction occurring in and on said railroad, was, together with many others of the miners and employees about the mines of the defendants, employed by the defendants to work upon and repair said railroad; and that the plaintiff was detailed and placed in the course of the employment on said road for the repairs thereof, in a gang of hands consisting of miners and persons not practiced in the management and conduct of cars on a railroad, under a foreman or superintendent, whose orders and directions said hands were required to observe and obey; and that, during the employment aforesaid, on said road, and up to the day of the occurrence of the injury sued for, the defendants had used a steam locomotive engine or engines, in moving and hauling material for such repair on said road, and that said plaintiff and others of said gang of hands, on the day of the occurrence of said injury, were required and directed to load a train of gondola or open burden cars with materials for the repair of said road, and under the direction and by the assistance of said foreman or superintendent, to run and convey said train of cars, so loaded, over and down a long and heavy grade on said road for several miles to the place where said materials were required, without a locomotive engine, but by force of the grade alone, and without any other check or means of restraint of said cars than the common brakes thereto; and that in attempting so to convey and conduct said train of cars down said road, the same became unmanageable by the hands thereon, and ran off with great speed, imperiling the safety of those on said train, and that nearly all the hands thereon jumped off, leaving the plaintiff and two or three others thereon, who were unable to check said cars; and that said plaintiff afterwards, and while said cars were running with great speed, either by being

thrown thereout, or in attempting to *escape* therefrom, was seriously and dangerously injured, and that without negligence or want of caution on his part, then if said injury to the plaintiff was. caused by either the want of ordinary skill and experience on the part of the other hands in charge of said train, to manage and conduct the same, the plaintiff, himself, using all the diligence of which he was capable in that behalf, or by any obvious defect or insufficiency that might have been discovered by ordinary care in said cars, or any of them, or in the machinery and appliances for controlling and governing the same, at the time of placing the same on the road to be worked by the plaintiff and others with him, and which defect or insufficiency, (if any,) was unknown to the plaintiff, and which rendered·said cars unsafe for the particular use or employment, or by the want of a locomotive engine, under the management of an engineer of competent skill to conduct down said train, if the risk of running said cars down the grade of said road without a locomotive engine was dangerous, the plaintiff is entitled to recover ; which the Court (WEISEL, J.,) granted with the following modification : Provided he can prove to the satisfaction of the jury by evidence, that the defendants did not use reasonable care in the selection and employment of the foreman, who conducted said cars, and that the said cars were *not* of approved construction and material, and selected by persons who were not of competent skill and judgment for the purpose.

The defendant submitted twenty-one prayers, the first, second, third, ninth and tenth of which were subsequently withdrawn; the thirteenth, sixteenth, eighteenth, twentieth and twenty-first, were granted as offered.   The eighth and fourteenth were granted with modifications, and the others were rejected.   In the view taken of the case by this Court, it is not deemed requisite to set out the prayers of the defendant.   To the refusal of the Court

to grant the prayers of the defendants, as above enumerated, and to the modifications appended as aforesaid, and to the granting of the plaintiff's prayer with the modification of the Court, the defendants excepted, and the verdict and judgment being against them, they appealed.

The cause was argued before BOWIE, C. J., BARTOL and CRAIN, J.

*George A. Thruston* and *George W. Dobbin,* for the appellant.

The evidence in this case not only exonerates the defendant from all liability to the plaintiff, but proves most extraordinary care and caution on the part of its agents and servants, who selected the cars for use, and who superintended and directed the men and the movement of the cars. It would be difficult to find a case in which the co-employees themselves were so little to be blamed, if at all, and yet the accident wholly proceeded from their conduct. This Court has recently had occasion, in the case of *O'Connell vs. The Baltimore and Ohio Railroad Company,* 20 *Md. Rep.,* 212, to lay down the legal principles for the determination of the responsibilities of Railroad Companies to their employees, when injured in their service, by the negligence or misconduct of co-employees ; adopting and approving of the latest English and American authorities.

In addition to the above case, we also beg leave to refer to the following authorities : *Hutchinson vs. The York, Newcastle & Berwick Railway Co.,* 6 *Eng. Rail. Cases,* 580, (*top page* 438 ;) *Thorogood vs. Bryan,* 8 *Mann. Gran. & Scott,* 115, (65 *Eng. Com. Law Rep.,* 114 ;) *Farwell vs. Boston and Worcestor R. R. Cor.,* 4 *Met.,* 49, (1 *Amer. Rail. Cases,* 339 ;) *Coon vs. The Syracuse and Utica R. R. Co.,* 1 *Selden,* 492 ; *Priestley vs. Fowler,* 3 *Mees. & Welsby,* 1 ;

*Murray vs. South Carolina R. R. Co.*, 1 *McMullan*, 385; *Hayes vs. The Western R. R. Cor.*, 3 *Cushing*, 270.

The plaintiff's prayer, as originally offered, is objectionable, because it submits facts to the jury of which there is no evidence, and which are positively disproved. This prayer assumes, that whilst the plaintiff was employed as a miner by the defendant, he was placed and detailed to work at these repairs. The proof is that at the time of the repairs, no mining was going on; he was not employed at all, so as to be in defendant's power to put him at any work, and that he voluntarily engaged himself on this occasion to work at these repairs. The prayer also submits to the jury to find that the plaintiff was employed to work, or detailed to work, with others, under a foreman, and gang of hands, in the management and conduct of cars on a railroad, not practised in the same, whose directions and orders said hands were required to observe and obey; whereas the proof is positive and uncontradicted, that the plaintiff and others were under the orders and control of Thomas Corcoran solely as foreman, and that he was in all respects fully competent, and no evidence was offered or given of any incompetency of Corcoran. The prayer asks that the jury may be instructed to find for the plaintiff, if his injury were caused by:

1st. Either want of ordinary skill and experience on the part of the other hands in charge of said train to manage and conduct the same. Without regard to the care and caution which the Company may have used in employing and selecting the foreman, who directed them, and whether the accident was caused by the fault, negligence or misconduct of such foreman.

2d. "Or by any obvious defect or insufficiency that might have been discovered by ordinary care in said cars or any of them, or in the machinery and appliances for controlling and governing the same, at the time of plac-

ing the same on the road, to be worked by the plaintiff and others with him, and which was unknown to the plaintiff, &c., and rendered said cars unsafe for the particular use or employment,'' then the jury were to find for plaintiff, if the cars when originally provided by the Company, for use on its road, were of sound material and approved construction, their subsequent use by a co-employee of a party injured when out of order, could not make the defendant liable.

3d. Or by the want of a locomotive engine, under the management, &c.

The proof is positive, that the defendant then had four engines ready for use, and one of which the foreman could have had, if he thought one necessary for any purpose connected with the work; that the foreman knew this, that it was his business to require one, if he thought one necessary, &c., and there was no evidence contradicting the same; so that such instruction could not have been properly given.

Now how does the modification by the Court affect or correct the errors in this prayer? That portion of the modification, which relates to the selection of cars for use, is in conflict with the principles above announced, because it refers to the time when the cars were taken for use on the day of the accident, as the time when the defendant's care and caution was to be exercised, as to their fitness for use by its employees, when we understand this time of fitness to relate to the period, when the cars are first furnished for such use on its road by the defendant; and not to any period thereafter, when any co-employee may use the same, disregarding their condition of repair, &c., at such last periods, through negligence or misconduct. Again, in the absence of all testimony, other than the accident itself, of incompetence or unskilfulness on the part of the co-employees, when negligence caused the accident; and with full evidence proving their competence, skill, and

all other requirements of the law, as to habits and character, how could the jury find that the defendant did not use reasonable care in their selection? &c. *Walter et al. vs. Alexander and Wife,* 2 *Gill,* 204; *Clements vs. Smith's Adm'rs.,* 9 *Gill,* 160.

The prayer is also objectionable, because confused and liable to mislead the jury.

The prayer is also exceptionable, because it excludes the cause of the accident, as proven by all parties, from the consideration of the jury.

The modifications to the eighth and fourteenth prayers of the defendant, are objectionable; the prayers should have been granted as offered.

The eighth prayer submits the facts sufficiently, and that the accident occurred by the giving way of the brake, and is in strict compliance with the legal principles heretofore referred to, as determining the defendant's liability, except that it is narrower than could have been asked for its protection. The modification enlarges the defendant's liability, making it responsible for the supposed negligence of the *competent* co-employee, in case he did not thoroughly perform his duty, in performing or undertaking to perform it.

The fourteenth prayer was unnecessary, after the granting of the thirteenth, and was only offered because the defendant had to submit all its prayers to the Court, before it could be informed of the instructions which the Court would give; and as those prayers were all offered together, before the principles of law applicable to such facts had been settled in Maryland, its counsel wished to vary the instructions asked for, so as to meet the views of the Court, if not accordant with the law which they contended for. If the accident were caused by the carelessness of the foreman, and the defendant had used due caution in its selection of an employee, then the jury should have been instructed that the plaintiff could not recover. It

matters not what kind of cars were used, unless their condition or want of repair was the cause of the accident, or entered into it. Again, the part of the modification of this prayer, referring to the selection of cars, is indefinite, and would tend to mislead the jury, as it might be argued therefrom, that the Company were responsible for the skill, competence, good habits and character of all persons who had anything to do with the use of the cars, or taking the same for use, when in fact, it was only responsible for the foreman superintending the work, and none others in this respect, and as to due care in employment of such foreman.

All that we ask in this case, are instructions equivalent to those pronounced by this Court in the case of *O'Connell vs. The Balto. & O. R. R. Co.*, 20 *Md. Rep.*, 212. The evidence on behalf of the defendant, *uncontradicted*, shows extraordinary care and caution on its part, not only in the selection of its agents, and the co-employees of the plaintiff, but in the conduct of such co-employees themselves.

*Richard H. Alvey*, for the appellee.

The instruction, asked by the plaintiff and granted by the Court, is subject to no valid objection. It embraces all the conditions requisite to entitle the plaintiff to recover, first, want of care in selecting hands of ordinary skill and competency with whom the plaintiff was associated ; secondly, providing defective and insecure machinery with which to perform dangerous service ; thirdly, unduly exposing the plaintiff to unreasonable risks, in requiring the cars to be worked down the heavy grade on the road, without the steam locomotive engine that had been used for the purpose. It is conceded that if the defendant had used due diligence in the selection of competent and trusty servants, and furnished them with suitable means to perform the service in which they were employed, it would not be answerable to the plaintiff for an injury received

by him in consequence of the *carelessness* of a fellow servant while both were engaged in the same service. *Farwell vs. Boston and Worcester R. R. Cos.*, 4 *Met.*, 36.

There is a great distinction to be observed, however, between negligence or carelessness, and the *want* of skill or competency; as the most competent may be guilty of negligence. But "it is the duty of a railroad company to exercise all reasonable care in procuring for its operation, sound machinery, and faithful and competent employees," and "they are liable to their servants for the neglect of this duty. *O'Connell vs. Balt. & O. R. R. Co.*, 20 *Md. Rep.*, 212, 222; *Shanck vs. N. C. Railway Co. MS.* The servant when he engages to run the risks of his service, including those arising from the negligence of fellow-servants, has a right to understand that the master has taken reasonable care, at least, to protect him from such risks, by associating him *only* with persons of ordinary skill and care, and providing secure machinery with which to perform the service. *Hutchinson vs. Railway Co.*, 5 *Exch.*, 343, 353; *Patterson vs. Wallace*, 2 *Macq.*, 748; *The Bartonshill Coal Co. vs. Reid*, 3 *Macq.*, 266; *Brydon vs. Stewart*, 2 *Macq.*, 30.

The cases decided upon this subject establish the following propositions, which, it is contended, embrace this entire case:

1. That the master is bound to exercise due care and diligence in the selection of the agencies with, or instruments upon which he employs his servants; and upon failure in this respect, he will be liable to the servant for any injury to him that may result therefrom.

2. That the master is liable to his servant for injuries resulting from a defect in, or inadequacy of his machinery, although the negligence of a fellow-servant may have contributed to the accident.

3. That the master is bound to take proper care of his servant, and not expose him to danger; and that ordi-

The Cumberland Coal and Iron Company *vs.* Scally.

nary care must be measured by the character and risks and exposures of the business; and the degree required is higher where life or limb is endangered, than in other cases. *Cayzer vs. Taylor*, 10 *Gray*, 274; *Snow vs. Housatonic R. R. Co.*, 8 *Allen*, 441; *Roberts vs. Smith*, 2 *Hurls. & Nor.*, 213; *Holmes vs. Clarke*, 6 *Hurls. & Nor.*, 348; *and same case on Appeal*, 2 *Amer. Law Reg.*, (*N. S.*) 107.

The twenty-one prayers of the defendant should all have been refused, if for no other reason, because from their multiplicity, and complicated and involved character, they would have not only embarrassed, instead of instructing the jury, but would have confounded and misled them. And this was sufficient ground for rejecting the whole of them. *Whiteford vs. Burckmyer and Adams*, 1 *Gill*, 127; *Stockton vs. Frey*, 4 *Gill*, 406; *Balt. & O. R. R. Co. vs. Resley*, 14 *Md. Rep.*, 424.

In the instructions given, the whole case was placed before the jury in as favorable an aspect as the defendant had right to ask it, and certainly in a sufficient number of its own prayers; and the established rule is, that where a variety of prayers are submitted, as in this case, and the instructions given by the Court cover the whole ground of controversy, the judgment will not be reversed, even though some of the rejected prayers were correct in themselves. *Mutual Safety Ins. Co. vs. Cohen*, 3 *Gill*, 459; *N. Y. Life Ins. Co. vs. Flack*, 3 *Md. Rep.*, 341; *Pettigrew vs. Barnum et al.*, 11 *Md. Rep.*, 434.

Bowie, C. J., delivered the opinion of this Court.

At the trial of this cause below the appellee offered but one prayer, which was granted with a modification by the Court; the appellant submitted twenty-one prayers, the first, second, third, ninth and tenth of which were afterwards withdrawn; the fourth, fifth, sixth, seventh, eleventh, twelfth, fifteenth, seventeenth and nineteenth were rejected; the eighth and fourteenth were granted

with provisos, and the rest as originally offered. The appellant excepted to the rejection and modification of its prayers, and to the granting of the appellees as modified. The gravamen of the *narr.* is certain injuries sustained by the appellee whilst employed as laborer by the appellant, in the course of which service, in descending a heavy grade of the railroad of the appellant, in a train of gondola or open cars, with other laborers, under the direction of a conductor, the appellee was thrown out and severely wounded. The appellee's prayer claimed the right to recover if the "injury were caused by either the want *of ordinary skill and experience on the part of the other hands in charge of said train* to manage and conduct the same, the plaintiff himself using all the diligence of which he was capable in that behalf; or *by any obvious defect or insufficiency that might have been discovered by ordinary care in said cars or any of them,* or *in the machinery and appliances for controlling and governing the same,* at the time of placing the same on the road to be worked by the plaintiff and others with him, and which defect or insufficiency (if. any) was unknown to the plaintiff and which rendered the said cars unsafe, for the particular use or employment; or *by the want of a locomotive engine under the management of an engineer of competent skill to conduct down said train, if the risk of running said cars down the grade of* said road without a locomotive engine was dangerous."

Which prayer was granted with this modification: "Provided he can prove to the satisfaction of the jury by evidence, that the defendant did not use reasonable care in the selection and employment of the foreman, who conducted said cars, and that the said cars were not of approved construction and material, and selected by persons who were not of competent skill and judgment for the purpose." The modification of this prayer seems to us substantially to embrace the doctrine announced by

this Court in the case of *O'Connell vs. The Balto. & O. R. R. Co.*, 20 *Md. Rep.*, 222, in which all the most recent cases of liability of employers to employees for injuries resulting from negligence were reviewed, and the following conclusions announced, viz: "When several persons are employed in the same general service, and one is injured by the carelessness of another, though the negligent servant in his grade of employment is superior to the one injured, the employer is not responsible. The liability to injury of one from the carelessness of his fellows, is but an ordinary risk, against which, the law furnishes no protection, but by an action against the wrongdoer. Though it is the duty of railroad companies to exercise all reasonable care in procuring for their operation sound machinery and faithful and competent employees, and, though they are liable to their servants for the neglect of this duty, yet after they have procured such machinery and employees, they are not liable to a servant for the injuries occasioned by the neglect of any of their co-servants employed in the same general business of operating the road." 23 *Penn. Rep.*, 386, 387; 32 *Verm. Rep.*, 473; 4 *Metcalf Rep.*, 49.

The granting of the appellee's prayer as modified, is objected to, because, as it is said, it submits facts of which there was no evidence, and which were positively disproved. Several examples of which are enumerated:

1st. That the plaintiff was *employed* as a *miner*, and was placed and detailed to work at the repairs.

2d. That he was so employed "under a foreman and gang of hands in the management and conduct of cars, on a railroad, not practised in the same, whose directions he was required to obey.

3d. That the injury was caused by want of ordinary skill, or by any obvious defect in the cars, or want of an engine.

A Court of original jurisdiction should not submit to

the jury the finding of a fact of which there is no evidence; but if there be any evidence tending to prove it, it would be trenching on the province of the jury, to refuse the instruction because the evidence on which it was founded, might not be deemed conclusive by the Court. " The sufficiency of evidence to satisfy a jury, or the circumstance that it is all on one side, does not authorize the Court to direct the jury that it proves the fact. They have the power to refuse their credit, and no action of the Court should control the exercise of their admitted right to weigh the credibility of evidence." *The Charleston Ins. and Trust Co. vs. Corner*, 2 *Gill*, 426; *Henderson vs. Mayhew*, 2 *Gill*, 409. The case of *Walter et al. vs. Alexander and Wife*, was a case in which the fact to be found was evidenced by a deed, if at all, and the Court said that the deed of lease under which the defendant claimed title, showed she was not entitled to the lot for which the ejectment was brought.

Under these circumstances, it was held the appellee's prayer was erroneous, because, among other reasons, " it called on the Court to submit to the finding of the jury a fact of which there was no testimony, but which was conclusively disproved by the testimony of both parties." 2 *Gill*, 215, 216. The issues in this case involved the competency of the conductors and the sufficiency of the cars and machinery. The jury were to find these facts from all the circumstances given in evidence. The opinion of the witnesses was not conclusive on the jury. The conductor and employees were before them. Their management and conduct, at the time of the supposed injury, constituted a part of the testimony from which the jury might draw their own conclusions of the skill and competency of the conductor and the sufficiency of the cars, etc.

The prayer of the appellee, as modified by the Court, required him to prove that the appellant did not use

The Cumberland Coal and Iron Company *vs.* Scally.

reasonable care in the selection and employment of the foreman who conducted said cars, and that said cars were not of approved construction and material, and selected by persons who were not of competent skill and judgment for the purpose, as a condition essential to his recovery.

The prayers of the appellant which were granted by the Court, submitted to the jury all the circumstances which qualified the liability of the appellant, in the amplest manner. The rule laid down by this Court, in 20 *Md. Rep.*, 222, does not limit the liability of the employer to the selection of his principal agents or officers. It requires he should exercise all reasonable care in procuring for his operations sound machinery and faithful and competent employees or agents. The law of the case having been correctly announced by the Court below, in the appellee's prayer as modified, and in those of the appellant which were granted as originally submitted or with qualifications, the appellant was not prejudiced by the rejection of those which were refused. In such a multiplicity of propositions, in which, after innumerable details of particulars, the conclusion of one was often made to depend upon what was recited in another, it was inevitable that some might have been rejected which would have been proper, but, taken collectively, they could subserve no practical purpose as a guide to the jury. It is difficult, upon patient investigation, to comprehend the difference between many of the propositions, so numerous are the circumstances referred to, and the Court, for this reason alone, was right in refusing them. 1 *Gill*, 153.

*Judgment affirmed.*

(Decided 19th July, 1867.)