Wonder *vs.* Baltimore and Ohio Railroad Company.

(Decided 11th May, 1870,)

JOHN WONDER *vs.* THE BALTIMORE AND OHIO RAILROAD COMPANY.

*Master and Servant — Who are Fellow-Servants — Liability of a Railroad Company to its Employés, for Injuries sustained in its Service.*

A master is not liable to his servant for an injury occasioned by a defect of machinery furnished to the latter to operate, unless there was negligence in providing such machinery, or, knowing of the defect, the master omitted to warn the servant of its existence. And where the defect producing the injury complained of, was the consequence of the incompetency or neglect of a fellow-servant, or where the origin of the defect did not appear, the master is not liable to his servant, it not appearing that he had been guilty of negligence either in selecting the fellow-servant or in providing the machinery in which the defect occurred.

All who serve the same master, work under the same control, deriving authority and compensation from the same source, and are engaged in the same general business, though in different grades and departments of it, are fellow-servants, each taking the risk of the other's negligence.

A brakeman on a train of cars is in the same common employment with the mechanics in the shops to repair and keep in order the machinery, with the inspector of the machinery and rolling stock of the road, and with the superintendent of the movement of trains.

A brakeman cannot maintain an action against a railroad company by which he was employed, for an injury sustained by him, and which resulted from a defect in the brake on the train he was operating, if the defect existed by reason of the neglect or want of care of his fellow-servants, unless the railroad company was negligent in the selection of those servants; and the *onus* of proof of such negligence is on the plaintiff.

A master is not bound to change his machinery in order to apply every new invention or supposed improvement in appliance, and he may even have in use a machine or an appliance for its operation, shown to be less safe than another in general use, without being liable to his servants for the consequences of the use of it. If the servant think proper to operate such machine, it is at his own risk; and all that he can require is, that he shall not be deceived as to the degree of danger that he incurs.

APPEAL from the Baltimore City Court.

This was an action on the case brought by the appellant, a brakeman, to recover damages for an injury sustained by him while in the employ of the appellee. The defendant pleaded not guilty, and thereon issue was joined.

*Exception:* The plaintiff asked the following instruction:

If the jury shall find, from the evidence, that the defendant was the owner of a railroad track, and of certain cars which were drawn on said track by horses, and that the plaintiff was employed by the defendant to work in its service as brakeman on said cars, and that, while engaged in doing his duty on one of said cars as brakeman, the brake thereof gave way, and the giving away of the brake caused the plaintiff to sustain serious, severe and permanent bodily injury, and that the giving way of the brake was caused by a defect or insufficiency therein, arising from an injudicious and unsafe construction, which might have been discovered by the exercise of ordinary care on the part of the defendant, and which rendered the car unsafe for the purposes for which it was used, and which was unknown to the plaintiff; and if the jury shall further find that the defendant did not use reasonable and ordinary care to provide a brake of safe construction for said

car, and that the plaintiff could not have avoided the accident which injured him by the exercise of ordinary care, and that he was, on that occasion, using ordinary care, then the plaintiff is entitled to recover.

And the defendant prayed the Court to instruct the jury as follows:

1. If the jury believe, from the evidence, that the plaintiff, at the time and place when and where he suffered the injury complained of, was a brakeman in the employ of the defendant, and acting as such, and that the said injury was caused by the brake on the car on which he was so acting as brakeman being defective and out of order, and that such defective condition was owing to the negligence of other servants of the defendant, whose duty it was to see that none but brakes in good condition should be put in service or used ; yet the plaintiff cannot recover unless he shall satisfy the jury that in selecting the employés or servants, through whose negligence the accident occurred, the defendant did not use reasonable care in procuring for its operations faithful and competent employés ; and further, that in this case the plaintiff has offered no evidence from which the jury may find that the defendant did not use such care in the selection of their said employés.

2. If the jury shall believe from the evidence that the happening of the accident, whereby the plaintiff was injured, was caused by the brake on the car in question being defective and out of order, and that such defective condition of the brake was owing to the carelessness or negligence of the agents or employés of the defendant, whose duty it was to see that the brake in question was in good order before being put in use by the defendant; yet the plaintiff cannot recover, unless he shall satisfy the jury, from the evidence, that the defendant did not use reasonable care in procuring, for its operations, faithful and competent employés and sound machinery ; and further, that in this case the plaintiff has offered no evidence to show that such reasonable care was not used by the defendant, and, therefore, their verdict must be for the defendant.

3. That to enable the plaintiff to recover in this action, he must satisfy the jury that the brake spoken of by the witnesses, attached to the car on which he was acting as brakeman at the time of the accident, was insufficient and defective, and that such insufficiency and defectiveness was well known to the defendant, or that the defendant did not exercise reasonable care to procure sound machinery and faithful and competent employés.

4. If the jury shall believe from the evidence that the brake of the car on which the plaintiff was acting as brakeman at the time of the accident, was in good order and competent to its purpose, and that his neglect in not using it in a proper manner, was the cause of the injury complained of, then he is not entitled to recover.

5. If the jury shall believe from the evidence, that if the plaintiff, by noticing the action of the brake, could have seen the way to use it, so as make the brake effective, and failed to do so, whereby the accident happened, then he is not entitled to recover.

The Court refused to give the instruction asked by the plaintiff, and gave the instructions asked by the defendant. To this ruling the plaintiff excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before BARTOL, C. J., STEWART, BRENT and ALVEY, J.

*Wm. Shepard Bryan,* for the appellant.

It has been decided that the defendant was bound to use all reasonable care in procuring sound machinery—(27 *Maryland,* 603.) Machinery which was unsafe by reason of the mode of its construction would not fulfil the obligations of the defendant, even if it were in good repair. The evidence of the plaintiff tends to show that the hook's construction was unsafe, and that an eye-bolt ought to have been used. Even if the point of the hook in question had originally been turned

in the right direction, (of which there is no evidence,) its liability to get out of order was a sufficient objection to the use of it.

If the jury were satisfied that the mode of constructing the brake rendered the car unsafe, and that this might have been discovered by ordinary care on the part of the defendant, it was the duty of the defendant to discover it. This is the doctrine of the plaintiff's prayer.

The jury could determine from the evidence whether the construction was bad or not; and also whether the objections were obvious on examination.

It is certain, from all the testimony in the cause, that if an eye-bolt had been used instead of a hook, the accident would not have happened. *Hard vs. Vert. and Canada R. R.*, 32 *Vermont*, 479, 480; *O'Connell vs. Balt. and Ohio R. R. Co.*, 20 *Md.*, 213; *Bartonshill Co. vs. Reid*, 3 *McQueen*, 266, (*H. of Lords*;) *Bryden vs. Stewart*, 2 *McQueen*, 30; *Marshall vs. Stewart*, 33 *Eng. L. & Eq.*, 1.

Assuming that the plaintiff's evidence was true, the defendant had failed to use suitable arrangements to make the brake safe; such arrangements as were used by another railroad, and such as the judgment and experience of the witnesses approved.

The fact that the defendant did not use suitable machinery, is sufficient evidence that it did not use reasonable care to provide it, and this evidence could be countervailed only by showing that it had made an effort to procure it, and had been unable to do so; and furthermore, if any such exculpatory evidence had been offered, it would have been, the province of the jury to determine the sufficiency of the excuse. *Balt. & Susq. R. R. Co. vs. Woodruff*, 4 *Md.*, 257.

The negligence of fellow-servants is not a question in this case. The breach of duty alleged against the defendant consists in not taking all reasonable care to provide proper machinery. And this want of care is proved, as a cause is inferred from its effects.

*F. C. Latrobe* and *James A. Buchanan,* for the appellee.

ALVEY, J., delivered the opinion of the Court.

This is an action by an employé against his employer, to recover for an injury received while engaged in the work for which he was employed, by reason of defective machinery that he was required to operate.

The plaintiff was a brakeman in the employ of the defendant, on one of its burden trains, and, while engaged in his work, he received the injury complained of, which was occasioned by an alleged defect in the brake to one of the cars that he was using in the regular course of his duty. The supposed defect consisted in the use of a hook instead of an eye-bolt on the brake, and in having the point of the hook turned the wrong way. In attempting to use the brake, in consequence of the defect, the plaintiff was suddenly thrown from the car to the track, and was caught between the brake-shaft and the trucks of the car and dragged a considerable distance, and seriously injured. He alleges that there was negligence on the part of the defendant in regard to the use of this defective brake, and that he is entitled to recover from the company the damages sustained by him as the consequence of such negligence.

It is now settled that there is no contract obligation imposed upon the master, from the mere relation that he bears to the servant, to provide machinery of any particular character or description, to be operated by the latter, nor is there any implied undertaking on the part of the former, resulting from the mere relation as employer, that the machinery shall be kept free from defects, such as may expose the servant to danger. The servant is a free agent to select the employment into which he enters, and in contracting for the wages that he is to receive, must be supposed to take into account the risks to which the employment may expose him; and among those risks are the defects and accidents of the machinery, and the negligence and want of caution of fellow servants in the com-

mon employment. To hold the master liable to the servant for all the injuries resulting to the latter from defects in machinery or materials upon which he may be employed, or from the negligence of fellow-servants, engaged in the common employment, would go far to impede, if not to make it impossible to carry on, many of the great works of the country. All that can be required of the master, and for the neglect of which he is reponsible to the servant, is, that he shall use due and reasonable diligence in providing safe and sound machinery, and in the selection of fellow-servants of competent skill and prudence, so as to make it reasonably probable that injury will not occur in the exercise of the employment. He is required, also, as far as he can by reasonable care, to avoid exposing his servant to extraordinary risks, which could not have been reasonably anticipated at the time of the contract of service, though, as to such extraordinary risks, it would seem the master does not guarantee against them. *Riley vs. Baxendale*, 6 *Hurl. & N.*, 446.

From these general principles it follows that the master is not liable to his servant for any injury occasioned by a defect of machinery furnished to the latter to operate, unless he was negligent in providing such machinery, or, if he knew of the defect, in omitting to warn the servant of its existence. And, where the defect producing the injury complained of, was the consequence of the incompetency or neglect of a fellow-servant, or where the origin of the defect did not appear, it has been held that the master was not liable to his servant, it not appearing that he had been guilty of negligence, either in selecting the fellow-servant or in providing the machinery in which the defect occurred. *Tarrant vs. Webb*, 18 *C. B.*, 797; *Ormond vs. Holland, El. B. & El.*, 102; *Wigmore vs. Jay*, 5 *Exch.*, 354; *Brown vs. Accrington Cotton Company*, 3 *Hurl. & C.*, 511.

Who is a fellow-servant, within the meaning of the rule, has been a question of some diversity of decision, though the decided weight of authority is to the effect that all who serve

the same master, work under the same control, deriving autho-
rity and compensation from the same source, and are engaged
in the same general business, though it may be in different
grades and departments of it, are fellow-servants, each taking
the risk of the other's negligence.   Or, to state the rule more
generally, in the language of a decision that has been approved
by this Court, "all who are engaged in accomplishing the
ultimate purpose in view—that is, the running of the road—
must be regarded as engaged in the same general business,
within the meaning of the rule." *Hard vs. Vermont and
Canada R. Co.,* 32 *Verm.,* 473; *O'Connell vs. Balt. & Ohio R.
Co.,* 20 *Md.,* 212.   It follows, therefore, that the brakeman
on the train is in the same common employment with the
mechanics in the shops to repair and keep in order the ma-
chinery, and with the inspector of the machinery and rolling
stock of the road, and the superintendent of the movement of
trains.   *Farwell vs. Boston and Worcester R. Co.,* 4 *Metc.,*
49; *Hayes vs. Western R. Co.,* 3 *Cush.,* 270; *Sherman vs.
Rochester and Syracuse R. Co.,* 17 *N. Y.,* 153; *Ryan vs. Cum-
berland Valley R. Co.,* 23 *Penna. St. Rep.,* 382; *Feltham vs.
England, Law Rep.,* 2 *Q. B.,* 33; *Searle vs. Lindsay,* 11 *C. B.,*
(*N. S.,*) 429.   If, therefore, the defect in the brake that caused
the injury in the present instance existed by reason of the
neglect or want of care on the part of such employés of the
defendant, the latter cannot be held liable, unless there has
been negligence in the selection of those servants, and the *onus*
of proof of such negligence is on the plaintiff.   20 *Md.,* 212;
25 *Md.,* 462; 27 *Md.,* 589.

The case of *Searle vs. Lindsay,* before referred to, well illus-
trates this.   There the plaintiff was employed by the defend-
ants as their third engineer on board their steam vessel.   While
turning a winch, one of the handles came off, in consequence
of the want of a nut or pin to secure it, and the plaintiff was
thereby seriously injured.   He was, with others at work at
the winch by the orders of the chief engineer, who knew that
the instrument was out of order, but was, nevertheless, a com-

petent person for the position he occupied. There was no evidence of personal negligence on the part of the defendants, and it was held that the chief engineer and the plaintiff were fellow-servants, and that, as the defect existed by reason of the negligence of the chief engineer, whose duty it was to see that the machinery was kept in proper condition, the plaintiff could not recover. And, in the concurring opinion of Mr. Justice WILLIAMS in that case, the law is briefly but clearly stated that governs cases like the present. He said : " I think there was no foundation for the argument that Simpson, the chief engineer of the vessel, and the plaintiff, stood in any other relation towards each other than that of ordinary fellow-servants. Then, applying the rule of law which is now firmly established, the common employer is not liable to either for an injury sustained through the negligence of the other. In order to take this case out of the ordinary rule, it was contended that here there was negligence on the part of the employers themselves. In order to make that out, there must be reasonable evidence to show that they were to blame, either in respect to their not having provided proper machinery and appliances, or not having retained competent workmen. I do not find any evidence at all of any default in either of these particulars. If the winch was out of order, it was owing to Simpson's negligence. There was no evidence, nor any suggestion, that Simpson was not a perfectly competent engineer." And such was the view of all the Judges.

In the case before us, the question, depending upon a diversity of opinion, as to whether the eye-bolt or the hook is the better mode of fastening the brake, is immaterial, as both seem to be approved appliances, tested by trial and experience ; and if it were conceded that the eye-bolt has superior merits, it by no means follows that the defendant was bound to discard the hook that had been used for a long time, and on so many of its cars, without accident. A master is not bound to change his machinery, in order to apply every new invention or supposed improvement in appliances,

and he may even have in use a machine, or an appliance for its operation, shewn to be less safe than another in general use, without being liable to his servants for the consequences of the use of it. If the servant thinks proper to operate such machine it is at his own risk; and all that he can require is, that he shall not be deceived as to the degree of danger that he incurs. *Dynen vs. Leach*, 26 *L. J. Exch.*, 221; 1 *Redfield on Railways*, 521, *note*.

As to the defective attachment of the hook, it was shewn to have been the duty of the employés, Fairbanks, Buckingham and Day, to see that the cars and their appliances were kept in proper and safe repair. Whatever negligence, therefore, may have existed in regard to the arrangement of the brake, and of the defective attachment of the hook thereto, was the negligence of those employés, the fellow-servants of the plaintiff; and there is an entire absence of evidence to show that there was the least negligence on the part of the defendant in the selection and employment of those servants; but, on the contrary, there is the most abundant evidence that such servants were of sufficient competency and skill; nor is there the slightest evidence in the case, that any superintendent or other agent, having control and general direction of the employés, and for whose negligent conduct the defendant would be responsible to the plaintiff, ever had knowledge of the defective condition of the brake before the occurrence of the injury. The proof wholly failing in these important particulars, the Court below could not have done otherwise than instruct against the plaintiff. The essential proof of the gravaman of the action was wanting, and of course the plaintiff could not recover. The several prayers of the defendant were unobjectionable, and the Court was therefore right in granting them. And as by the granting of the defendants' prayers the case was taken from the jury, the plaintiff's prayer, which was rejected, became unimportant.

For these reasons the judgment will be affirmed.

*Judgment affirmed.*

(Decided 12th May, 1870.)