(Decided 7th March, 1877.)

PATRICK HANRATHY *vs.* THE NORTHERN CENTRAL RAILWAY COMPANY.

*Master and Servant—Liability of a Railway Company for injuries to an Employé resulting from the negligence of a Co-employé—Sufficiency of Evidence.*

A plaintiff suing a railroad company to recover damages for injuries caused by a steam hammer of the company, while he was in said company's employ, cannot recover, although the injuries were caused by the defective condition of the hammer, or by negligence of the agents of the defendant, or by both combined, without showing also that the defendant did not use reasonable care in procuring for its operations sound machinery, and faithful and competent employés.

And where in such action there was no evidence that the defendant was negligent in failing to employ competent and faithful employés, or in not pro-

curing sound and sufficient machinery, but on the contrary the proof was uncontradicted, that B., the person in immediate charge of the hammer, and engaged in working it, and I. the foreman of the shop, were both first-class men for their positions, and that the hammer was of approved construction, and the best kind of hammer made when it was placed in the shop; although some evidence was offered by the plaintiff tending to prove, that the accident was caused by the steam hammer not being in good order and condition at the time, or by the negligence of B., it was HELD:

1st. That the jury were properly instructed that the plaintiff had offered no evidence to show that such reasonable care was not used by the defendant.

2nd. That B. was a fellow-servant engaged in a common employment with the plaintiff, and the defendant would not be liable to the plaintiff for the consequences of his negligence, even if it had actually caused the accident.

3rd. That this principle applies, whether the alleged negligence of B. consisted in want of care in the management of the steam hammer, or in failing to report to the foreman that it was not in good order and needed repair.

The plaintiff testified that he was employed to wheel scrap iron from the yard into the shop, where the hammer was, and to fill the tank with water and to bring ice, and that the first time he worked at the hammer was on the morning of the accident. HELD:

That this did not affect his right to recover, inasmuch as it appeared from his own testimony, that he had been at work there for two months, made no objection when he was called on to work at the hammer, and voluntarily undertook that employment.

APPEAL from the Superior Court of Baltimore City.

The case is sufficiently stated in the opinion of the Court.

*Exception.*—The plaintiff offered the six following prayers:

1. If the jury shall believe from the evidence, that the plaintiff entered the service of the Northern Central Railway Company, and whilst in such service, the said railway company did not use reasonable care to avoid exposing its servant, the plaintiff in this case, to extraordinary risk, which could not have been reasonably anticipated by the said plaintiff at the time of the contract of said service, but that plaintiff was injured through the want of such

reasonable care on the part of the defendant, then the plaintiff is entitled to recover; provided they shall also find, that the said plaintiff did not contribute to his own injury by negligence or carelessness on his part.

2. If from the evidence the jury find, that the steam hammer mentioned by the witnesses, was defective and insufficient at the time of the accident, and that such defective condition of the hammer was well known to the defendant, but unknown to the plaintiff, and was the cause of the injury sued for, and that the defendant did not use reasonable care in procuring said hammer or in repairing the same, after such knowledge of its defectiveness, or in procuring faithful and competent co-employés of the plaintiff, whose duty it was to keep said hammer in good condition and repair, then the plaintiff is entitled to recover, unless they should further find that at the time of said injury, the plaintiff was not using ordinary care, or that he contributed to said injury by the want of ordinary care and prudence on his part.

3. If from the evidence, the jury find that the plaintiff was employed by the defendant as an ordinary day laborer, and placed by it in contact with dangerous machinery, and that thereby he was exposed to extraordinary risks, which could not have been reasonably anticipated at the time of the contract of service, that such condition of said machinery was unknown to the plaintiff, but was known to the defendant, or to its agent having general charge of that department of its works, or could by the use of reasonable care and prudence on their part, have become known to the defendant or to such agent, and that the defendant or its agent could by reasonable care have avoided exposing the plaintiff to such risks, and that by reason of the dangerous nature of such machinery the plaintiff was injured, then the plaintiff is entitled to recover; provided they further find that at the time of the said injury, the plaintiff was exercising due care, that he did not by want of

ordinary care or prudence, contribute to such injury, and that he could not by the use of ordinary care and prudence on his part, have avoided the effects of the want of due care and diligence on the part of the defendant.

4. If from the evidence, the jury find that the defendants owned and operated extensive workshops in the City of Baltimore, and that the plaintiff was employed in the blacksmith shop therein, as an ordinary day laborer, and that while so employed, he was ordered by the officer of the defendant having charge of that department of its works, to assist at a steam hammer in said shop; that said hammer was then, and had been for a long time before, of unsound and insufficient construction, and dangerous to the employés tending it, and that such unsound and dangerous condition was unknown to the plaintiff, but known to the defendant's agent having general charge of said shop, and to the defendant, or would be known to such agent, and the defendant by the exercise of ordinary prudence and care on their part, and that the defendant could by the exercise of reasonable care and diligence, have provided a new hammer to take the place of such unsound hammer, or could by the exercise of the like care and diligence, have repaired the said hammer, so as make it of sound and approved construction; yet that the defendant by not using ordinary care and prudence in the premises, in providing for its operations sound and approved machinery, injured the plaintiff, then the plaintiff is entitled to recover, provided the jury further find that the plaintiff did not contribute to said injury by the want of ordinary care on his part, and that at the time of said injury, he was using ordinary care.

5. If from the evidence, the jury find that the plaintiff was employed by the defendant in its workshops, as an ordinary day laborer, then in entering such employment, the plaintiff had a right to expect that the defendant had used ordinary care and diligence, in the selection of the

machinery with which he was to be brought in contact, and if they find from the evidence, that the defendant placed the plaintiff in contact with machinery of unsound and unapproved construction, and it, or its agents, to whom it had delegated general control of such work, and the employés therein, (provided they find the defendant had an agent or agents to whom such power was delegated,) knew, or by reasonable care and diligence, could have known of such defective condition of such machinery, and the plaintiff was injured by such machinery, because of its unsound and unapproved construction, while he was in ignorance of such defective condition, and that the defendant or its agent or agents could, by reasonable care and prudence, have avoided exposing the plaintiff to such risks, then the plaintiff is entitled to recover, unless the jury further find that he contributed to such injury by the want of ordinary care and prudence on his part, or that at the time of such injury he was not using due care.

6. If the jury find for the plaintiff, then in estimating the damages they are to consider the health and condition of the plaintiff before the injuries complained of, as compared with his present condition in consequence of said injuries ; and whether the said injuries are in their nature permanent, and how far they are calculated to disable the plaintiff from engaging in those business pursuits for which, in the absence of said injuries, he would have been qualified, and also the physical and mental suffering to which he has been subjected by reason of the said injuries, and to allow such damages as in the opinion of the jury will be a fair and just compensation for the injuries which the plaintiff has suffered.

And the defendant offered the following prayer :

1. That although the jury may find from the evidence, that the injuries to the plaintiff were caused by the defective condition of the steam hammer, or by the negligence of the agents of the defendant, or by both combined, yet

the plaintiff is not entitled to recover in this action, without showing also, that the defendant did not use reasonable care in procuring for its operations sound machinery, and faithful and competent employés; and further that in this case, the plaintiff has offered no evidence to show that such reasonable care was not used by the defendant, and therefore that their verdict must be for defendant, if they find that at the time of the injuries to the plaintiff he was in the employ of the defendant in its machine shops at Bolton.

But the Court, (DOBBIN, J.,) rejected all the said prayers of the plaintiff, and granted the said prayer of the defendant. The plaintiff excepted.

The jury rendered a verdict for the defendant and judgment was entered accordingly. The plaintiff appealed.

The cause was argued before BARTOL, C. J., GRASON, MILLER and ROBINSON, J.

*R. F. Brent* and *M. A. Mullin,* for the appellant.

It was the duty of the company to use reasonable care to avoid exposing its servant, the plaintiff, to extraordinary risk, which could not have been reasonably anticipated at the time of the contract of service. *The Cumberland and Penn. R. R. Co. vs. Moran,* 44 *Md.,* 283 ; *Hutchinson vs. R. W. Co.,* 5 *Exch.,* 353 ; *Note by Parson to Waller vs. R. W. Co.,* 4 *H. & C.,* 112 ; *Railroad Co. vs. Fort,* 17 *Wallace,* 558 ; *Mann vs. Oriental Mill Co.,* 14 *A. L. Reg., N. S.,* 727.

*Bernard Carter,* for the appellee.

That Hanrathy took the risks of his *voluntary engagement* in this work, is well established by decisions cited by this Court in *Wonder's Case,* 32 *Md.,* 417 ; *Riley vs. Baxendale,* 6 *Hurl. & N.,* 446 ; *Bartonshill Coal Co. vs. Reid,* 3 *Macqueen,* 284, 288; *Seymour vs. Maddox,* 5 *Eng.*

*L. & Eq.*, 265; *Dynen vs. Leach*, 40 *Eng. L. & Eq.*,
491; *Griffiths vs. Gidlow*, 3 *Hurl. & N.*, 648; *Williams
vs. Clough*, 3 *Hurl. & N.*, 258; *Hard, Adm'r vs. Ver-
mont and Canada R. R. Co.*, 32 *Vermont*, 473 *and* 478;
*Ryan vs. The Cumberland Valley R. R. Co.*, 23 *Penn.*,
384; *Farwell vs. The Boston and Worcester R. R. Cor-
poration*, 4 *Metcalf, (Mass.,)* 49; *Walker vs. S. E. Rail-
way Co.*, 4 *Hurl. & Colt.*, 101, 109.

BARTOL, C. J., delivered the opinion of the Court.

The questions presented by this appeal have been before
us for consideration on several occasions, they arise from
the relation of *employer* and *employé* and involve an in-
quiry into the mutual rights and liabilities which the law
imposes upon parties standing in that relation to each
other.

It appears from the record that the appellant was
employed at the workshops of the appellee at Bolton, was
seriously injured by an accident, and has brought this
suit to recover damages therefor from the appellee. The
proof shows that the appellant was employed in putting
*flues or pipes* under a steam hammer to be mashed, and in
removing them from the anvil after they had been mashed;
while so engaged his hands were caught under the ham-
mer and badly injured, so that one of them had to be
amputated. At the time the accident occurred *Mr. Boss,*
another employé, had immediate charge of the hammer
and was engaged in working it; the foreman of the shop
was *Mr. Ijams*, who employed the appellant and set him
to work "feeding the hammer; all the men in the shop
were under his control, employed by him, and he could
discharge them at his pleasure." Mr. Cole was the
"*Assistant Master of Mechanics,*" having a general super-
vision over the company's shops in Baltimore, whose duty
it was to provide proper machinery for its shops. In case
of any repairs being needed to the hammer it was the duty

of *Mr. Boss* to report the same to *Mr. Ijams*, and of the latter to report to *Mr. Cole* his immediate superior.

There is no evidence that the appellee was negligent in failing to employ competent and faithful employés, or in not procuring sound and sufficient machinery, on the contrary the proof is uncontradicted that *Boss* and *Ijams* were both " first class men " for their positions, and that the hammer was of approved construction, and the best kind of hammer made, when it was placed in the shop.

Some evidence was offered by the plaintiff tending to prove that the accident was caused by the steam hammer not being in good order and condition at the time, or by the negligence of Boss who was immediately in charge, engaged in running it.

In this state of the proof the Court below rejected the several prayers asked by the plaintiff, and instructed the jury " that although they might find from the evidence that the injuries to the plaintiff were caused by the defective condition of the steam hammer, or by negligence of the agents of the defendant or by both combined, yet the plaintiff is not entitled to recover in this action without showing also that the defendant did not use reasonable care in procuring for its operatives sound machinery, and faithful and competent employés ; and further that in this case the plaintiff has offered no evidence to show that such reasonable care was not used by the defendant, and therefore their verdict must be for the defendant, if they find that at the time of the injuries to the plaintiff, he was in the employ of the defendant at its machine shops at Bolton."

The legal proposition asserted by this instruction is supported by the uniform course of decisions in this State, beginning with *O'Connell's Case*, 20 *Md.*, 212, and followed by the cases of *Shauck*, 25 *Md.*, 462 ; of *Scally*, 27 *Md.*, 589 ; of *Wonder*, 32 *Md.*, 411 ; and *Moran's Case*, 44 *Md.*, 283. In those cases the rules governing the

rights and liabilities of masters and employés in cases of this kind have been fully stated, and need not be repeated here. There can be no doubt or question that Mr. Boss, to whose negligence the accident is imputed, was a fellow-servant engaged in a common employment with the plaintiff, and according to all the authorities the defendant would not be liable to the plaintiff for the consequences of his negligence, even if it had actually caused the accident. That was one of the risks which the plaintiff assumed when he undertook the employment. And this principle applies whether the alleged negligence of Boss consisted in want of care in the management of the steam hammer or in failing to report to the foreman Mr. Ijams that it was not in good order and needed repair.

Some stress has been laid by the appellant's counsel upon the fact stated by the plaintiff in his testimony, that he was employed to wheel scrap iron from the yard into the shop where the hammer was, and to fill the tanks with water and bring ice, and that the first time he worked at the hammer was on the morning of the accident. It is argued that this was not in the line of his employment. But the testimony of Mr. Cole was that "when first employed by the company he was liable to be put to do anything he was called on to do in or about the shop." However this may be, it appears from his own testimony that he had been at work there for two months;—made no objection when called on to work at the hammer, and voluntarily undertook that employment. The case of the *Railroad Co. vs. Fort*, 17 *Wal.*, 553, has therefore no application to the present.

From the views we have expressed it follows, there was no error in granting the defendant's prayer; and that the prayers of the plaintiff were properly refused. We have considered it unnecessary to comment upon them particularly, in our opinion, looking at the facts of the case as

disclosed by the record there was no evidence legally sufficient to support the plaintiff's claim and the instruction given to the jury was correct.

*Judgment affirmed.*

(Decided 7th March, 1877.)