## Case No. 7,757.

### KIDWELL v. HOUSTON & G. N. RY. CO.

[3 Woods, 313.] 1

Circuit Court, W. D. Texas. April Term, 1877.

RAILROAD COMPANY—LIABILITY FOR NEGLIGENCE—MASTER AND SERVANT—FELLOW SERVANT—HABITUAL NEGLIGENCE—VICE PRINCIPAL.

1. Where the servant of a railroad company sues for an injury caused by a defective car, there must be an averment that the car was defective when placed upon the road, or if it subsequently became defective, that notice of the defect was brought home to the company.

[Cited in Southern Pac. Co. v. Burke, 60 Fed. 715, 9 C. C. A. 229.]

2. A notice of the defect to the car inspector and master mechanic would only tend to show negligence of duty on their part, and they being fellow-servants of the plaintiff, no cause of action could be based on such negligence.

3. Notice of the habitual negligence and general bad habits of a car inspector, brought home to the master mechanic of a railroad company, will not make the company liable for an injury to another servant of the company, resulting from the negligence of the car inspector, unless it is shown that power was conferred by the company upon the master mechanic to employ and discharge the car inspector.

Heard upon demurrer to the declaration. The plaintiff [William A. Kidwell] being a servant of defendant [the Houston & Great Northern Railway Company] as an assistant yard master, sued for injuries alleged to have been received by him by reason of the neglect of the defendant in keeping in use and running a certain defective car, which he attended to, etc. He admitted that he knew of the defect alleged to exist therein, but averred that before the accident happened the car inspector, whose business it was to report the defect to the master mechanic, was duly notified of the same, as was also the master mechanic, but they both failed and neglected to have said defective car retired or repaired; and, further, that said master mechanic was advised of the habitual negligence and general bad habits of the car inspector, and failed to discharge him, etc., and that thereby the defendant became responsible to plaintiff. The defendant demurred to the declaration in which the foregoing facts were set forth as a cause of action.

1 [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

John C. Robertson and W. S. Herndon, for plaintiff..

Tignal W. Jones and John L. Henry, for defendant.

DUVAL, District Judge. The defendant demurs generally to the petition. This raises the question whether, admitting the truth of its averments, the defendant is, in law, liable. The great weight of authority, both in this country and in England, seems to have established the general rule that a railroad company is not liable to one of its employés or servants for an injury occasioned by the neglect of any of his co-servants employed in the same general business of operating the road, even though the negligent servant may have been superior to the one injured in his grade of employment, provided the company has, in the first instance, procured good and sound machinery, and provided skillful and competent employés to work it.

In the case at bar, there is no averment that the car in question was defective when furnished by the company, nor is there any averment that its subsequent defect was made known to the company, unless a notice thereof to the car inspector and master mechanic can be considered as such. But in the absence of any averment that they, or either of them, ever reported such defect to the company or its superintendent, the company cannot be held liable on this ground.

It is contended by plaintiff's counsel that the averment in the petition, charging that the "master mechanic was advised of the habitual negligence and general bad habits of said car inspector, and that he failed and refused to discharge him," takes this case out of the general rule, as being equivalent to a charge that the company had employed an unskillful or incompetent car inspector.

If the petition had averred directly and affirmatively that the car inspector employed by the company was not a man of competent skill and prudence, and was carelessly and negligently employed by the company, I think this would have been sufficient on demurrer, because the defendant was bound to use reasonable diligence in the employment of skillful and prudent servants. But the averment is not that he was "incompetent," but that the master mechanic was advised that he was habitually negligent and of general bad habits. This may be admitted, and still he may have been very skillful and competent for his business. The charge, thus vaguely made seems to me only to amount to a charge of negligence on the part of the master mechanic in not reporting the character of the car inspector to the officers of the company, and does not, therefore, constitute an exception to the general rule that a railroad company is not liable to one of its employés for the mere negligence of another employé.

It does not appear that the master ma-chinist was anything more than a fellow-servant of the car inspector and the plaintiff, without the power of appointment or removal. Under these circumstances the defendant company could not be made liable. Hard v. Vermont & C. R. Co., 32 Vt. 473; Wonder v. Baltimore & O. R. Co., 32 Md. 411; Robinson v. Houston & T. Cent. Ry. Co., 46 Tex. 540.

The demurrer must be sustained.