## Richmond.

RICHMOND & DANVILLE RAILROAD CO. v. DE BUTTS.

JANUARY 18th, 1894.

RAILROADS—*Employees—Contributory negligence.*—Brakesman, side-tracking flat car, train having backed into siding, cut car loose, and signalled train to leave it. Car not clearing main track he signalled train to return and push it further. Train returning fast, he put one foot between iron rails loaded on car, and end of car, and other foot outside so as to set brake. Train struck car and rails slipped forward and crushed his foot.
HELD:

> Brakeman's negligent acts caused the accident, and he is not entitled to recover.

Error to judgment of circuit court of Culpeper county, rendered November 16, 1890, in action of trespass on the case, wherein D. F. De Butts was plaintiff, and the plaintiff in error, the Richmond and Danville Railroad Company, was defendant. Judgment being according to verdict for plaintiff for $7,500, defendant company brought the case here on error. Opinion states the case.

*W. H. Payne,* for plaintiff in error.

*F. L. Smith & Ed. Burke,* for defendant in error.

LACY, J. delivered the opinion of the court.

The action was for an injury received by the plaintiff, Dulany F. De Butts, the defendant in error here, against the

Richmond and Danville Railroad Company, while in the employment of the company as brakeman at Culpeper Courthouse, on the 25th day of December, 1889. Arriving at Culpeper Courthouse with a freight train on which he was employed, De Butts was directed to assist in side tracking and dropping one of the cars of the train, which had become disabled for further travel on account of a hot box and a broken journal. De Butts mounted this car, and the train pulled up and backed into the siding. De Butts cut the car loose and signalled the train to pull up and leave it. Another brakeman of the same train was put in charge of the switch, which he unlocked with a key which he took from his pocket. De Butts finding as the train pulled out that the car was not within the distance post, signalled for the train to come back, his object being to have the car that he had cut loose, and on which he was standing, pushed further into the side track within the distance post. The brakeman gave the signal to the engineer to come back, and he reversed and came back. The car on which De Butts was standing was a gondola, loaded with iron rails, which were somewhat shorter than the car, and there was a space between the end of the iron rails and the framing of the car. De Butts, seeing this, and thinking the train was coming rather fast, put one foot inside of the frame of the car and the end of these iron rails, and kept the other foot on the outside, so as to set the brake on the gondola car. When the train struck the stationary car loaded with iron rails, the iron rails slipped forward on the floor of the car and caught De Butt's foot and hurt it, and hurt the other leg also. He was extricated from his position by the conductor, who was at the time in the office at the depot, sending a dispatch to the proper authorities to give information of the fact that the disabled car had been side-tracked there, and would be left behind when the train moved on to its destination. Being thus hurt, De Butts left the employment of the company, and brought this suit for damages for the stated injury. At the trial there was

evidence adduced on both sides, and instructions asked by the defendant and refused by the court, and exceptions taken, and a motion to set aside the verdict by the defendant made and overruled and excepted to, and the evidence certified. There was a verdict for the plaintiff for $7,500, upon which judgment was rendered, and the case brought here by writ of error by the defendant.

The evidence shows that the plaintiff in the action, the defendant in error, was injured seriously in the foot. And we must next consider whether the injury was caused by the negligence of the railroad company, and, if so caused, whether the plaintiff was innocent or himself guilty of negligence which contributed to the accident as a proximate cause, without which it would not have happened. The conductor of the train had gone into the office of the company, and left the engineer and crew to shift this car to the side track, while he sent a dispatch. If this can be considered negligence under the circumstances of this case, it is the sole indication thereof. But, if so, then the plaintiff, De Butts, was guilty of negligence—first, in cutting off this disabled car outside the distance post; secondly, in putting his foot inside a box car loaded with railroad iron (iron rails), against which a train was presently to bump by his own signals. Without these acts, or either of them, the accident in question would not have happened.

It was the plain and well understood duty of De Butts as brakeman to cut this train loose, and signal the train away after it had gotten inside the distance post. So well did he understand this duty that he needed no instructions to bring the train back when he discovered his own neglect of duty in leaving the car outside of the distance post. If he had observed this post at the proper time all would have been safe. He says he put his foot inside in front of this pile of heavy iron to keep from receiving an injury. Why would this foot be less likely to be hurt on the platform outside the car than the one foot he did leave outside, and which was not hurt?

He says he signalled the engineer to stop, and was not obeyed; that the engineer could not be seen by him nor he by the engineer. Why did he signal the engineer, whom he could not see, and who therefore could not see him, in preference to the fellow brakeman, who he says stood at the switch, and was necessarily in full view of him, on an unobstructed track only a few yards off? It was a lack of diligence, and in itself negligence, to give signals to a person out of sight, and then act as if they would be obeyed. We are of opinion that the negligence of the company is not established, and it is clear, we think, that the defendant in error was guilty of contributory negligence in putting his foot inside the box car in front of iron rails when he knew that the car was about to be struck by the train to move it, and especially so, as he himself says, when he saw that the train was coming back fast enough to strike hard. *R. & D. R. R. Co.* v. *Risdon's adm'r*, 87 Va., 335; *R. & D. R. R. Co.* v. *Moore*, 78 Va., 96; *Clark* v. *R. & D. R· R. Co., Id.*, 717; *O'Connell's Case*, 20 Md., 212; *Scally's Case*, 27 Md., 589; *Wonder's Case*, 32 Md., 419; *N. & W. R. R. Co.* v. *Cottrell*, 83 Va., 519; *C. & O. R. R. Co.* v. *Lee*, 84 Va., 642; *Improvement Co.* v. *Andrew*, 86 Va., 270; *Tyler* v. *Sites' adm'r*, 88 Va., 470, and cases cited. We are of opinion, therefore, that the plaintiff was not entitled to recover in this case. The judgment of the circuit court appealed from here must therefore be reversed and annulled, and the case remanded for a new trial.

LEWIS, P., and HINTON, J., dissented.

JUDGMENT REVERSED.