DE GRAFF v. NEW YORK CENTRAL AND HUDSON RIVER RAIL-
ROAD COMPANY, appellant.

*Negligence — liability of master for injury to servant — defective machinery.*

In an action against a railroad company by a brakeman who was injured in
consequence of a defective brake which he was operating on a freight car,
whereby he was thrown to the ground and severely hurt, *held,* that evi-
dence to show that the brake upon the car and the apparatus attached
thereto were of the most primitive and awkward construction, and were
placed on the wrong side of the car, and that the shelf upon which the
brakeman stood was without guards, and no seat was provided for his use,
was inadmissible.

The rule that the servant shall be exposed to no risks from imperfect or in-
adequate machinery, only applies where such imperfection or inadequacy are
latent and not obvious to the servant, and cannot be ascertained or guarded
against by the exercise of due care and caution.

APPEAL from a judgment in favor of plaintiff entered upon the
verdict of a jury, and from an order denying a new trial. The
action was brought to recover damages for injuries received by the
plaintiff, Aaron V. O. De Graff, a minor, while in the employ of
the defendant as a brakeman on a freight train, running west from
Albany to Syracuse. About seven miles west of Palatine Bridge on
applying the brake the chain gave way and plaintiff was thrown to
the ground and received the injuries complained of. The cause
was tried before Mr. Justice DOOLITTLE and a jury, at the Oneida
circuit, in January, 1873, where the plaintiff had a verdict for
$10,000 damages. A motion for a new trial was denied, and after
judgment the defendant appealed.

*J. Thomas Spriggs* and *A. Coburn,* for appellant, cited *Wright* v.
*N. Y. C. R. R. Co.,* 25 N. Y. 565, 566; 1 Redf. 521, *n.* 2; *Dynen* v.
*Leach,* 26 L. J. (N. S.) Exch. 221; *Assop* v. *Yates,* 2 H. & N. 768;
*Wonder* v. *Baltimore & Ohio R. R. Co.,* 3 Am. 143; *Laning* v. *N. Y.
C. R. R. Co.,* 49 N. Y. 521, 532, 533; *Tinney* v. *Boston & Albany
R. R. Co.,* 52 id. 632.

*Conkling, Lord & Coxe,* for respondent, cited *Filke* v. *B. & A. R.
R.,* 53 N. Y. 549; *Snow* v. *Housatonic R. R.,* 8 Allen, 441; *Wooster*
v. *Forty-second Street R. R.,* 50 N. Y. 205; *Keyan* v. *Western R.*

*R. Co.*, 8 id. 175; *Paterson* v. *Wallace*, 1 Macq. H. L. Cas. 748; *Noyes* v. *Smith*, 28 Vt. 59; *Hays* v. *Western R. R.*, 3 Cush. 270; *Westchester & Phil. R. R. Co.* v. *McElwee*, 67 Penn. St. 115.

E. DARWIN SMITH, J. In the statement of the case upon the points of the plaintiff's counsel, it is stated as follows: "The brake upon the car in question and the apparatus attached thereto were of the most primitive and awkward construction, the brake tackle was placed on the car in the position most likely, should any part of it give way, to cause injury; no one of the modern improvements and inventions were introduced into its construction. It was placed on the wrong side of the car, and the dog, whose office it is to hold the wheel in 'position when wound up, was placed on the wrong side of the ratchet. In addition to these defects the shelf or step upon which the brakeman stands was without guard to prevent his slipping, and no seat was provided for his use on the roof; the dog operated with the foot and not automatically as it should have done."

The evidence to establish these facts was objected to and received under exception, and was, I think, all inadmissible. The proof was directed to show that the car on, or from which the plaintiff was injured, was not constructed and fitted up after the latest and most approved models. One error in this connection was in applying to plain and rough freight cars, as between master and servant, the strict rules applicable to cars for the transportation of passengers, as against or in favor of a passenger injured or person crossing railroads. The rule asserted in the case of *Costello* v. *S. & B. R. R. Co.*, 65 Barb. 92, was in favor of a person not in the employ of, or connected with the railroad company. A child in that case was run over in the street, which accident might probably have been avoided if the railroad company had had in use the best improved class of brakes. The rule that the carrier of passengers is bound to use all precautions so far as human skill, care and foresight will go for the safety of his passengers (*Hegeman* v. *Western R. R. Co.*, 13 N. Y. 9) has no application to carriers of freight as between master and servant.

The plaintiff was employed as a brakeman on freight cars. He knew what and where his work was and was to be, and fixed his wages in view of the danger and risks he ran in that particular department of labor. He engaged to work, and went to work freely

and intelligently upon that particular class of cars, upon one of which he received his injury. The rule is well settled and generally recognized, that a servant in any and every branch of business assumes all the perils and risks which grow out of, attend, or are in any manner incident to, the duties he undertakes to discharge. Redf. on Railway, § 131; *Warner* v. *Erie Railway Co.*, 39 N. Y. 468; *Ryan* v. *Towle*, 24 id. 416; *Wright* v. *N. Y. C. R. R. Co.*, 25 id. 416.

The obligation of the master to his servant, as the rule is asserted in *Lanning* v. *N. Y. C. R. R. Co.*, 49 N. Y. 532, is "that the servant shall be exposed to no risks from imperfect or inadequate machinery, or other material, means and appliances, or from unskillful or incompetent fellow servants." The imperfect or inadequate machinery intended in this rule means such imperfections or inadequacy as are latent, and not visible or obvious to the senses, and such as are unknown to the servant and cannot be ascertained or guarded against by the exercise of proper care and due caution on his part.

Within this rule the plaintiff undertook to work on these cars, just as they were in point of model and construction. He knew they were freight cars, and some of them of an old style and pattern; he might have objected or refused to work on cars thus constructed; he saw and knew the character of the brakes and on which side of the cars they were placed, and how they were managed and controlled, and that they had not spring dogs, or those of the most improved kind used on passenger cars. Considerable evidence was given on the trial comparing the model of the brake upon the car in question with other models, and the case contains a plan annexed to it of three different models used before the jury, and to which the above and other testimony referred. All of this testimony, I think, was inadmissible, and embraced within the defendant's objections and exceptions.

This whole class of testimony was adapted to confuse, embarrass and mislead the jury. They had nothing to do with other models of cars or brakes, or with the question whether other mechanics differed with those who manufactured these cars in respect to the best style and pattern of brakes or cars.

As was well said in the case of *Wonder* v. *Balt. & Ohio R. R. Co.*, 3 Am. 143; 32 Md. 411: "A railway company is not bound to change its machinery in order to apply every new invention or supposed improvement in appliances; and the employee who consents

to operate the machinery already provided by that company, knowing its defects, does so at his own risk."

As these views involve necessarily a new trial, I think it unadvisable to discuss the questions raised on the motion for a nonsuit and in the charge, inasmuch as since the trial the court of appeals has had under consideration the class of questions presented in that branch of the case, and have made some decisions (not yet reported) which may affect those questions. The order and judgment should therefore be reversed and a new trial granted, with costs to abide the event.

*Judgment reversed and new trial granted.*