### PAUL H. BEAULIEU *versus* PORTLAND COMPANY.

In an action brought by an employee of a corporation to recover damages for a personal injury received while in their service, the burden of proof is on the plaintiff to show negligence on the part of the corporation.

If a company exercises ordinary care to employ servants of good habits, and of competent skill and experience, and to furnish them with approved machinery and apparatus, their responsibility to their employees extends no further. They do not guaranty the faithfulness of their servants, whatever relation of subordination they sustain, in carrying on the business, or keeping the works in such repair as to be always safe.

It is not a sufficient objection to the action of the Court in ordering a nonsuit, that there was some evidence from which negligence on the part of the defendants might have been inferred, unless there was evidence on which a jury might reasonably and properly conclude there was negligence.

THIS was an action of TRESPASS ON THE CASE, brought by the plaintiff to recover damages for a personal injury, which happened to him by the falling of a stick of timber whilst he was in the service of the defendants. The defendants pleaded the general issue, with a brief statement alleging, that the timber, which caused the damage by its fall, was not placed by the defendants or by their negligence, but by certain of their employees, who were persons of ordinary skill and care, &c.

It appeared by the testimony of the plaintiff, that he was in the employment of the Portland Company in 1853 and 1854, and again in 1855, and so on till 1857. The company was engaged in manufacturing locomotives. The plaintiff worked in the setting up shop, from May 19, 1855, to August 26, 1857. There were several loose timbers laid across beams, and shifted from place to place as needed for hoisting. The plaintiff noticed three of them loose in 1853, and one of them lapped on the beams on which it rested about an inch and a quarter or an inch and a half at each end. He notified the foreman, Bartlett, of its dangerous condition, three or four times. Bartlett called him a coward, and ordered him to go to work. Sparrow, the superintendent, was in the room

about twice a day. On the same day that he last called Bartlett's attention to the timbers, one of them fell and struck ,the plaintiff. He was hurt, and was confined to his bed about three months. The locomotive on which he was at work at the time, was placed on a table, and the work he had to do required him to occupy the position he did.

Other witnesses were called, who testified that the timber in question had been lying loose on the beams for a long time, and had been used with others for hoisting; that it fell on the plaintiff longitudinally, and he was taken up unconscious and partially paralyzed; and that, immediately after the accident, the loose timbers were taken down, by order of the foreman, and, ever since, longer and lighter timbers had been used.

On this testimony, the presiding Judge, DAVIS, J., ordered a nonsuit. The plaintiff filed exceptions.

*McCobb & Kingsbury*, for plaintiff.

A corporation is liable for its own neglect, and for that of certain of its servants or agents. The true rule is that of liability to servants in any particular department for the neglect of the person having charge of that department. *Priestly* v. *Fowler*, 3 Mees. & Wels., 1; *Peterson* v. *Wallace*, 38 Eng. L. & Eq., 51; Pierce on Am. Railways, 305, and cases there cited at note 2; *Russell* v. *Hudson*, 4 Duryea, 39.

The corporation was responsible, at all events, for want of ,ordinary care in furnishing safe machinery and appliances for their workmen. *Keagan* v. *Western R. R. Co.*, 4 Selden, ·175; *Peterson* v. *Wallace*, before cited; Pierce on Am. Railways, 307; Redfield on Railways, 387; *Sherman* v. *R. & S. R. R.*, 6 Barb., 240; *McGrath* v. *Watson*, 4 Ohio, State, 566; *Noyes* v. *Smith*, 28 Vt., 59.

There was evidence tending to show a want of ordinary care on the part of the company. The timber was too short, and obviously so to the eye; it lay loose on the floor beams, and lapped but about one and a quarter inches at each end; it had been there for a long time; and all the loose timbers

were removed immediately after the accident. A railroad company has been held liable for a defect in the axle of a car, though they employed a careful maker, if by great care they might have discovered the defect. *Heman* v. *W. R. R. Co.*, 13 Smith, 665.

It is not shown that the plaintiff was not in the exercise of ordinary care. He notified his immediate superior of the defect. Angell & Ames on Corp., 299; Story on Agency, § 1406.

*Edward Fox* and *E. H. Davies*, for the defendants.

The evidence shows that the timber was placed where it was by the workmen. The negligence was on the part of the plaintiff and his fellows. It is not proved that the superintendent knew of the timber being there, or of its being too short to be safe. The plaintiff informed Bartlett of his fears, but not Sparrow. If Bartlett was negligent, it was the negligence of a fellow workman, and not of the defendants, or their officers.

The rule of law is, that an employee runs all the ordinary risks of the service, and this includes the negligence of his fellow workmen in the same service. *Albro* v. *Agawam Canal Co.*, 6 Cush., 75; *Hayes* v. *Western R. R. Co.*, 3 Cush., 270; *Gilshannon* v. *Stony Brook R. R.*, 10 Cush., 229; *King* v. *Boston & Worc. R. R. Co.*, 9 Cush., 112; *Carle* v. *Bangor & Pisc. R. R. Co.*, 43 Maine, 269; *Tarrant* v. *Webb*, 86 Eng. Com. L., 796; *Wigmore* v. *Jay*, 5 Welsby, 352; *Wiggett* v. *Fox*, 11 Exch. R., 832; *Dagg* v. *Midland R. R. Co.*, 1 Hurstone & Norman, 773; *Vose* v. *Lancashire & Yorkshire R. R. Co.*, 2 H. & N., 732; *Sherman* v. *Rochester & Syracuse R. R.*, 17 N. Y., 133; *Ryan* v. *Cumb. Valley R. R.*, 23 Penn., 385.

The plaintiff saw the danger, and voluntarily continued to expose himself to it, thereby suffering the injury by his own recklessness, and he must take the consequences. *Priestly* v. *Fowler*, 3 Mees. & Wels., 6; *Seymour* v. *Maddox*, 71 Eng. C. L. 732; *Skip* v. *Eastern Counties R. R. Co.*, 24 Eng. C.

.L. & Eq. R., 398; *Farwell* v. *Boston & Worc. R. R. Co.*, 4 . Met., 59; *Hutchinson* v. *Railway Co.*, 5 Exch., 351.

When the employee is as well aware of the danger as his employer, and suffers injury therefrom, the employer is not responsible. *Dynen* v. *Leach*, 40 Eng. L. & Eq. R., 491; ·5 Car. & Payne, 379; *Kennard* v. *Burton*, 25 Maine, 39; *Coombs* v. *Purrington*, 42 Maine, 332.

If any officers in the company were negligent in allowing the stick to remain in a dangerous position, the plaintiff was equally so in working under it knowing it to be unsafe. If a conductor on a railroad is injured in consequence of any defect of machinery which he knew or might have known by ordinary care, the company is not responsible. *Mad River & Lake Erie R. R.* v. *Barber*, ·5 Ohio, (N. S.) 54; *Indianapolis R. R. Co.* v. *Love*, 10 Ind., 554.

The defendants, when not acting in their corporate capacity, must act through their employees. The timber which occasioned the injury must have been placed by one of the employees, it matters not which. In Albro's case, in Massachusetts, it was the superintendent who was negligent, and the company was held not to be liable.

The opinion of the Court was drawn up by

DAVIS, J. — The plaintiff was one of the employees of the defendants, engaged in the manufacture of locomotives. While thus at work, in what is termed "the setting-up shop," a stick of timber fell upon him, from the beams overhead, by which he was severely injured. To recover damages therefor, he has brought this suit.

It appears, from his own testimony, that he had been at work for the company several years, during which time there had been some loose timbers lying across the beams, which were used for hoisting, and were shifted about as occasion required. The one that fell down, lapped on the beam less than two inches at either end. The plaintiff noticed that it was dangerous six months before the accident, and called the attention of Bartlett, the foreman of the shop, to the fact.

He also called his attention to it again about the time of the accident; but Bartlett called him a coward, and told him to go to work.

It appears that Sparrow, the general superintendent of the business of the company, was usually in the shop every day; but there is no evidence that he knew any thing of the position of these timbers.

The plaintiff was employed by the day, and he could have left the service of the defendants at any time. But he was desirous to retain his place; and it is not strange that he continued to labor for them, even after he was aware of the danger, when he saw that his fellow-laborers had no fear. Whether, by so doing, he did not voluntarily assume the risk, even if the defendants were negligent, is not the question now before us.

Upon the evidence introduced by the plaintiff, the presiding Judge ordered a nonsuit, and the case comes before us on exceptions to that order. It has been argued with much learning and ability; but it is hardly necessary for us to enter upon any extended review of the numerous authorities cited. Whatever doubts may formerly have been entertained, the doctrine is now well settled, in this country and in England, that if a company exercise ordinary care to employ servants of good habits, and of competent skill and experience in their various departments, and to furnish them with machinery and apparatus of approved construction and material, their responsibility extends no further. They do not guaranty to their employees the faithfulness and diligence of their co-laborers in carrying on the business, or in keeping the machinery in such repair, or the works in such condition, that they shall be always safe. This is a part of the hazard which the employees impliedly assume themselves, whenever they enter into service with each other. *Carle* v. *B. & P. Railroad Co.*, 43 Maine, 269, and cases there cited.

And this rule applies to all who are engaged in the common business, whatever relation of subordination they sustain

to each other. *Hard* v. *Verm. & Canada Railway Company,* Law Reporter for January, 1860, p. 540.

It is argued in this case, that the nonsuit was improperly ordered, because the jury might have inferred from the testimony that there was negligence on the part of the corporation, as well as of its servants. The rule by which Courts should be guided in ordering nonsuits is correctly stated in a recent English case, in the Court of Exchequer;—" It is not enough to say there was *some* evidence. A scintilla of evidence, or a mere surmise that there may have been negligence on the part of the defendants, clearly would not justify the Judge in leaving the case to the jury. There must be evidence on which the jury might reasonably and properly conclude that there was negligence." *Cornman* v. *E. C. Railway Company,* Am. Law Register, January, 1860, p. 176.

In the case at bar, the burden of proof was upon the plaintiff to show the negligence of the defendants. And, assuming that there was evidence that some of the fellow servants of the plaintiff were negligent, upon which it is not necessary for us to express any opinion, there is no evidence that would have justified the jury in finding, that, in employing their servants, or in furnishing machinery and apparatus, there was such negligence on the part of the *company* as to render them liable in this action. The exceptions are overruled, and the nonsuit is confirmed.

TENNEY, C. J., APPLETON, CUTTING, GOODENOW and KENT, JJ., concurred.