———o———

FRANK GORMLY, Appellant, *vs.* VULCAN IRON WORKS, Respondent.

1. *Damages—Injuries resulting from orders of superintendent–Such officer not fellow servant.*—Where injuries to servants or laborers happen through the negligence or misconduct of a fellow-servant, no action therefor will lie against the master, unless the fellow-servant is not possessed of ordinary skill and capacity in the business entrusted to him, and unless his employment is attributable to the want of ordinary care on the part of the master. But where the injury results from the orders of a superintendent appointed by the company, and having entire supervision and control over the work, and power to employ, direct and discharge the laborers, the rule does not apply. Such superintendent is not a fellow-servant but the agent of the company, and his acts are the acts of his principal. And this is true, although the superintendent engages in the same work with the laborer.

*Appeal from St. Louis Circuit Court.*

*Thos. B. Childress,* for Appellant, cited Shearm. & Redf. Negl., §§ 102, 104; Brothers vs. Cartter, 52 Mo., 372; Harper vs. Indianapolis & St. L. R. R. Co., 47 Mo., 567; Wright vs. New York Cent. R. R. Co., 28 Barb., 80; Walker vs. Bolling, 22 Ala. St. Rep., 294; Norton vs. Ittner, 56 Mo., 351; Lewis vs. St. L. & I. M. R. R. Co., 59 Mo., 507–508.

*Cline, Jamison & Day,* for Respondent, cited McDermot vs. Pacific R. R., 30 Mo., 115; Rohback vs. Pacific R. R.,

43 Mo., 192; Farwell vs. B. & W. R. R., 4 Met., 49; Morgan vs. The Vale of Neath Railw. Co., 5 Best & S., 570; 33 L. J. Q. B., 260, affirmed in the Ex. Ch. L. R., 1st Q. B., 145; 35 L. J. Q. B., 23.

WAGNER, Judge, delivered the opinion of the court.

The plaintiff brought his action against the defendant, a corporation, to recover damages for injuries which he received whilst in its employment. The injury was received from the bursting of one of the hot ovens or furnaces, and that was caused by the alleged wrongful action of one Withrow who was the general superintendent, in carelessly ordering the fire to be applied in a manner which was sure to produce an explosion. The plaintiff's testimony tended to show that Withrow had for a long time been the superintendent of the works and furnaces in question, and was the only person who exercised any active control over their running and operation; he giving all the orders as to what was to be done, and how done, and employing and discharging the laborers, of whom plaintiff was one. In all things he seems to have acted in the position of master.

At the conclusion of the plaintiff's evidence, the court, upon the request of the defendant, gave an instruction that the plaintiff could not recover. Upon the giving of this instruction, the plaintiff took a non-suit with leave to move to set the same aside, and the court having refused to set the non-suit aside, plaintiff appealed.

The only argument advanced in support of the ruling of the court is, that plaintiff was a fellow-servant with Withrow, and therefore is precluded from maintaining this action. It is hardly necessary to repeat what has been so often adjudged, that where injuries to servants or laborers happen through the negligence or misconduct of a fellow-servant, no action therefor will lie against the master, unless the fellow-servant is not possessed of ordinary skill and capacity in the business entrusted to him, and, unless his employment is attributable to the want of ordinary care on the part of the master. But

can this rule be made applicable in the present case? From the plaintiff's evidence it appears that Withrow was the general and sole superintendent; that he exercised a supervision over the entire work and gave directions for carrying it on in all its details. The laborers were hired and discharged by him, and acted under his immediate authority. He was thus the direct agent of the principal, and what was done by him was done by the principal. He was invested with authority to act instead of his master, and the servants were bound to obey him, and his acts were therefore the acts of his superior. He was not a co-servant or co-laborer within the meaning of those terms, but he was the authorized mouthpiece, executive officer and interpreter of the will of his immediate principal. (Harper vs. I. & St. L. R. R. Co., 47 Mo., 567; Lewis vs. St. L. & I. R. R. Co., 59 Mo., 495.)

In the case of Brothers vs. Cartter, (52 Mo., 372) the action was brought to recover damages for an injury received in falling from a bridge which the defendants were constructing, and which, it was alleged, happened in consequence of insufficient material furnished by defendants. They did not personally have charge of the work, and what they knew of its character and conditions was from being about it occasionally during its progress. The duties of purchasing and collecting materials were committed to Graham, who was the superintendent. The court gave an instruction that, "if the jury find from the evidence that one John Graham was the superintendent for the defendants of the work on the bridge in question, and as such had entire control and charge thereof, with power to employ and discharge hands, and to provide and remove material, and that said Graham was the representative of defendants in the construction of said bridge, and that plaintiff was subject to his orders and directions, then the jury are instructed that said Graham was not a fellow-servant with the plaintiff, and that his acts and conduct in connection with said bridge were and are the acts and conduct of defendants so far as this case is concerned." This instruction was approved in this court, and it was distinctly declared that, if the master deputes the

superintending control of the work, with the power to employ and discharge hands, and purchase and remove materials to an agent, then the master acts through the agent, and the agent becomes the master. The duties are the duties of the master, and he cannot evade the responsibilities which are incident to them by their delegation to another. When the master appoints some other person to perform these duties, then the appointee represents the master, and though in their performance he may be and is a servant to the master, yet he is not, according to the common acceptation, a co-servant, a co-laborer, a co employee with those who are under his charge, and who are obedient to his will.

And even if the master or superintendent engage in the same work with the laborer, still they are not fellow-servants, and the servants may recover for any injury caused by their negligence. (Ashworth vs. Slanwix, 3 El. & El., 701.) This doctrine is in entire harmony with the latest and best adjudged cases, and is approved by the standard elementary writers. In Shearman & Redfield on Negligence, (§ 102) the law is thus stated : "One to whom his employer commits the entire charge of the business, with power to choose his own assistants, and to control and discharge them as freely and fully as the principal himself could, is not a fellow-servant with those employed under him ; and the master is answerable to all the under-servants for the negligence of such a managing assistant, either in his personal conduct within the scope of his employment, or in his selection of other servants." Wharton states the doctrine with great emphasis, and says, that when the principals elect a superintendent to manage the concern, then the superintendent or middle-man represents the principal, and his negligence is the principal's negligence. (Whart. Negl., § 222.) The doctrine applies alike to individuals and corporations. When an individual acts through an agent, the agent's act is his own. As corporations can only act through agents and servants, it must necessarily follow that they are answerable for their acts, else they would be wholly irresponsible. The court clearly erred in

withdrawing the case from the jury. It should have been submitted on an instruction similar to the one given in Brothers vs. Cartter, and if it was found that Withrow when he did the reckless and careless act, was superintendent, and acting in the scope of his employment, then there could be no doubt of defendant's liability.

The judgment should be reversed, and the cause remanded. Judges Napton and Sherwood concur; Judges Vories and Hough absent.