Ann Devany, Respondent, v. Vulcan Iron-Works, Appellant.

June 19, 1877.

The negligence of one having the superintendence of a department of the business of a corporation, with delegated authority to employ and discharge hands, and generally control and direct, under general powers or instructions, is not the negligence of a fellow-servant, in any such sense as will prevent a recovery, by a subordinate co-employee against the corporation, for injuries resulting from such negligence.

Appeal from St. Louis Circuit Court.
*Affirmed.*

Cline, Jamison & Day, for appellant: An employer is not liable for damages to a servant, occasioned by the negligence of a co-servant while engaged in the same general employment. — *McDermot* v. *Pacific R. Co.*, 30 Mo.

115; *Rohback* v. *Pacific R. Co.*, 43 Mo. 187; *Gibson* v. *Pacific R. Co.*, 46 Mo. 163; *Wigmore* v. *Jay*, 5 Exch. 345. This rule is applicable in all cases alike, without regard to the degrees of subordination in which the defendant's servants or agents may be placed with reference to each other, if the defendant be not negligent in their selection. — *Harper* v. *Indianapolis & St. Louis R. Co.*, 47 Mo. 567; *Devitt* v. *Pacific R. Co.*, 50 Mo. 302; *Brothers* v. *Carter*, 52 Mo. 372; *City of Pittsburg* v. *Ruby*, 38 Ind. 294; *Yeomans* v. *Navigation Co.*, 44 Cal. 71; *Davis* v. *Detroit, etc., Co.*, 20 Mich. 105; *Wright* v. *New York Central R. Co.*, 25 N. Y. 562; *Laning* v. *New York Central R. Co.*, 49 N. Y. 528; *Priestley* v. *Fowler*, 3 Mee. & W. 1. The burden of proof is on the employee to show both the negligence of the employer and his own care. — *Greenleaf* v. *Illinois Central R. Co.*, 29 Iowa, 14.

T. B. CHILDERS, for respondent: That Devany and Murray were not co-laborers in such a sense as to prevent Devany's recovery against the Vulcan Iron Works.— *Brothers* v. *Carter*, 52 Mo. 372; *Harper* v. *Indianapolis & St. Louis R. Co.*, 47 Mo. 567; *Lewis, Admr.*, v. *St. Louis & Iron Mountain R. Co.*, 59 Mo. 507; *Gormly* v. *Vulcan Iron Works*, 61 Mo. 492; *Whalen* v. *The Centenary Church*, 62 Mo. 326; Whart. on Neg., sec. 222; Shear. & Redf. on Neg., secs. 102, 104.

BAKEWELL, J., delivered the opinion of the court.

This was an action to recover damages for an accident which occasioned the death of plaintiff's husband. It appears from the evidence that deceased was in the employ of defendant, and was engaged, with other hands, under the superintendence of a foreman, in unloading one of several coke-barges lying in front of defendant's iron-works, on the Mississippi River. The barge on which deceased was working was about ten feet deep, and, as the coke got low in the barge, it became necessary, and is always neces-

sary in unloading these barges, to erect a platform on to which the coke may be shovelled, to be transferred from the barge to the "buggies," or cars, run up by machinery to receive it. Deceased was in the barge, under one of these platforms, which had just been heaped full of coke in readiness for the buggy, when one of the hands jumped from the side of the barge on to the coke on the platform, causing it to fall and crush deceased to death. This platform had been erected by one Murray, with the assistance of coke-shovellers on the barge. The river business of defendants was under the general superintendence of one Grapevine, who had exclusive charge of the coal-barges, and Murray had exclusive charge of the coke-barges, and had twenty-five men under his control; he had the power of hiring and discharging hands employed on these coke-barges; he kept the time of the men, and was not hired as a laborer, but as a superintendent, to see that things went right, and to direct the work in his department; the men working on the coke-barges were required to obey his directions, and if they refused to do so he discharged them. He was not a mechanic nor a carpenter. He erected the scaffold that fell, the workmen on the barge handing him the nails and materials as he wanted them. The testimony for plaintiff is that the materials used in erecting this scaffold were old and insufficient; this is contradicted by defendant's witness. One of the witnesses for plaintiff swears that whilst, under the orders of Murray, he was handing him materials to nail up the scaffold, he remonstrated with him about the imperfect quality of nails he was using, and Murray replied, "Mind your own business; I am boss here." This is denied by Murray. There was evidence that Murray might have had proper material for the scaffold, both new nails and new planks, by application to Grapevine, the proper officer of defendant. Witnesses for defendant swore that the erection of these scaffolds was the proper work of the men shovelling coke. One witness tes-

tified that Devany helped to build the scaffold ; other witnesses say they were present, and did not see him there at the time it was being built.

There was a verdict and judgment for plaintiff for $2,000 ; and defendant appeals.

The instructions given and refused were as follows :

The court gave the following·instructions at the instance of plaintiff:

" 1. If the jury believe from the evidence that the said James Devany received the injuries which occasioned his death by the falling on him of the platform or scaffold mentioned in the plaintiff's petition, and that the falling thereof was caused by the defective, negligent, improper, or unskilful manner in which it was constructed, or was caused from the use, in its construction, of improper, unsafe, or unsound materials, and that the defendant knew, or might, by the exercise of reasonable care and diligence, have known, thereof, and do further believe that the plaintiff and the said James Devany were exercising ordinary care and prudence at the time he received said injuries, and did not know of the defective, negligent, improper, or unskilful manner in which the platform was constructed, or of the use of improper, unsafe, or unsound materials in the construction thereof, and that the same was not due to the carelessness of any fellow-servant of said James Devany, and that this suit was commenced within six months from the date of the death of said James Devany, then the jury are instructed that they should find for the plaintiff.

" 2. If the jury believe from the evidence that one James Murray, as the agent of the defendant, had charge of the barge in question, and referred to by the witnesses, for the purpose of having the coke removed therefrom, with the power to employ hands therefor and to discharge said hands at pleasure, and with the power to provide for and direct how the coke should be removed therefrom, and that said Murray was the agent or representative of the

defendant in directing and providing for the removal of the coke from said barge, and that the deceased, James Devany,. was subject to his orders and directions, then the jury are instructed that said Murray was not a fellow-servant or co-laborer with the said James Devany, and that his knowledge and his acts and conduct, in connection with the removal of said coke and the building of the platform or scaffold in question, were and are the knowledge and acts and conduct of the defendant, so far as this case is concerned, and the defendant is liable therefor.

" 3. The court instructs the jury that it is admitted by the defendant's answer that it is· a corporation, as alleged in the plaintiff's petition, and that said James Devany's death was caused by injuries received by him from the fall-· ing on him of the platform or scaffold mentioned in the plaintiff's petition."

The following instructions were given at the instance of defendant :

" 1. If the jury find that the deceased and his co-laborers overloaded the scaffold in question, so that the same was thereby caused to give way and fall upon and kill him, then the plaintiff cannot recover.

" 2. If the jury find that the scaffold in question was erected by the employees of defendant engaged in and about the unloading of said barge, for their temporary use and convenience in removing the coke from the bottom of said barge, and that the same was insecurely built, fastened, or supported, by reason of which it fell upon and killed Devany, the deceased, then the plaintiff cannot recover.

" 3. If the jury find that Murray and his co-employees erected a temporary scaffold out of the boards and timbers belonging to the barge and wharf-boat, to enable them to unload the coke therefrom, and that said Devany and his co-employees threw the coke out of the bottom of said barge upon said scaffold, and overloaded the same, and that, while sitting thereunder, his co-laborer, Patrick Fox, jumped

upon the same, and it fell upon and killed said Devany, by reason of being so overloaded and jumped upon, then the plaintiff cannot recover."

The following instructions were asked by the defendant and refused by the court:

"1. The jury are instructed that a person engaged in the service of another takes upon himself, in consideration of his wages, the ordinary risks of the employment, including the negligence of those employed to labor with him in the same general employment, whether they be equal to, under, or over him in the work. The general rule of law is that he takes upon himself the natural and ordinary risk and peril incident to the performance of such service, including the perils arising from the negligence of those engaged with him in the same employment, whether it be of those who are laboring with him in the same degree, or those who are placed over him to direct and superintend the work, and the employer is not liable for any injury received by him in consequence of the carelessness of another while both are engaged in the same work; and if you find that James Murray was employed as the boss and time-keeper of a number of men, including James Devany, the deceased, engaged in unloading the barge of coke at the landing near the defendant's works, and that said Murray, assisted by deceased and others engaged in unloading said barge, constructed and hung a scaffold to assist in unloading said barge, and that deceased and Dennis Fox threw coke from the bottom of the barge upon said scaffold more rapidly than it was removed therefrom, and that said scaffold became full or overloaded, and that while in this condition deceased went under the same, and, while there, Patrick Fox, who had been engaged in shovelling coke from said scaffold into the buggies, jumped upon said loaded platform, and that the same immediately fell upon and killed deceased, then the plaintiff cannot recover.

"2. The jury are instructed that if James Devany came

to his death by reason of the negligent or careless construction of a temporary scaffold, made to assist in unloading the barge, and that said scaffold was so constructed by James Murray, the foreman of the work, and the men engaged under him, then the plaintiff cannot recover.

" 3. If the jury find from the evidence that Devany, the deceased, and his co-employees, erected the scaffold that fell upon and caused the death of said Devany, then plaintiff cannot recover.

" 4. Although the jury may find that the scaffold in question was not erected by the deceased, yet if you find that it was built by other persons who were employed by the defendant, and that they were negligent in the selection of the materials, or in the manner of its construction, and that it fell by reason thereof, then the plaintiff cannot recover.

" 5. If the jury find from the evidence that Devany, the deceased, knew, or had good opportunity of knowing, the strength and capacity of the scaffold in question for carrying the load that was placed upon it, and voluntarily took his seat under the same, and that it fell upon and killed him, then the plaintiff cannot recover in this cause."

It is claimed by appellant that Murray was a fellow-servant of deceased, and that for that reason the plaintiff cannot maintain this action.

The facts in this case are widely different from those in *Hamilton* v. *Iron Mountain Company*, recently decided by this court. The negligence which caused the accident in that case, if there was negligence, was the negligence of a mere boss or foreman, working under the control and supervision of a general manager of the work, and strictly a fellow-laborer with the men whose time he kept. In the present case, Murray had complete and independent control of the work of unloading all coke-barges for defendant; he exercised supervision over all this branch of defendant's business, and gave directions in all its details; he alone, so

far as the evidence shows, hired and discharged the hands employed under him, and they were to obey his directions or lose their places. He swears that he was not hired to work with the men, but merely to direct their work; and that, by the terms of his employment, he was under no obligation to labor personally at the erection of this scaffold, though it was his duty to superintend the work; and to him was committed the duty of providing proper materials, which were furnished to his order from the abundant stores of defendant. , He was the superintendent of a distinct department of the business of defendant, and in that department was supreme, "their authorized mouth-piece, executive officer, and interpreter of their will." *Gormly* v. *Vulcan Iron Works*, 61 Mo. 492. As was said by this court, in *Hamilton* v. *Iron Mountain Company*, "those having superintendence of the various departments of the business of a corporation, with delegated authority to employ and discharge hands, and generally control and direct, under general powers or instructions from the directors, may be regarded as charged with the performance of its duty, exercising the discretion ordinarily exercised by principals. A person placed in such a position of trust and authority may be fairly regarded as representing the principal *pro hac vice;* and, if a servant, is not the fellow-servant of his subordinates in the meaning of the rule." If there was negligence in the erection of this scaffold, we do not think that it is shown to have been the negligence of a fellow-servant.

The evidence in this case clearly shows that the platform on which this coke was thrown was not a mere convenience, but a matter of necessity; that coke could not be delivered to the buggies from the barges without the erection of these platforms at a certain period of the work. Now, if the superintendent, Murray, was not a fellow-servant of plaintiff, and was guilty of negligence in the construction of the scaffold, and the deceased was guilty of none, under the rulings in *Whalen* v. *Centenary Church*, 62 Mo. 328,

there can be no question as to plaintiff's right to recover. The jury are told, in the first instruction for plaintiff, that they must find that deceased " was exercising ordinary care at the time of the accident, and did not know of the unskilful, improper, or defective or negligent way in which the scaffold was erected." Several witnesses swore that they handed Murray nails and boards whilst the scaffold was being built, and did not see Devany there at the time. Murray says that Devany was there, assisting by handing him materials. The jury was not bound to find that Devany saw the scaffold erected; and the question of his knowledge of the manner in which it was put up was fairly submitted to them. The question of contributory negligence was, we think, also fairly submitted to the jury by the instructions. Instruction No. 2 for plaintiff seems to be in accordance with the ruling of the Supreme Court in *Gormly* v. *Vulcan Iron - Works*, 61 Mo. 492.

We see no error in giving or refusing instructions which will warrant a reversal of the case; and there was some evidence to warrant the instructions for plaintiff, and to support the verdict. The judgment of the Circuit Court must, therefore, be affirmed. All the judges concur.