## GARRAHY *v.* KANSAS CITY, ST. J. & C. B. R. Co.[1]

*(Circuit Court, D. Kansas. October 3, 1885.)*

MASTER AND SERVANT—FELLOW-SERVANTS—INJURY TO RAILROAD EMPLOYE.
 A common hand engaged in the business of distributing iron rails along the side of a railroad track to be laid in place of other rails removed from that track, and under the control, with six or eight other men, of a boss or foreman, is not in the same employment as a man controlling and managing a switch-engine not used in carrying these rails, but in moving and transferring from one place to another cars not engaged in the business of relaying said track, and the railroad company will be liable for an injury to the former caused by the negligence of the latter.

Motion for New Trial.

*Byron Sherry* and *Thomas P. Fenton*, for plaintiff.

*B. F. Stringfellow* and *Strong & Mossman*, for defendant.

MILLER, Justice. This case was tried before the court and a jury at the June term, 1885, at Leavenworth, and a verdict rendered for plaintiff. The defendant filed a petition for a new trial under section 987 of the Revised Statutes, and the printed argument of counsel having been submitted to me and duly considered, I am of opinion that the motion must be overruled.

The action was brought to recover from the railroad company compensation for an injury received by plaintiff in consequence of being struck by a car of the company in what is called the "yard." This yard appears to be a place in which the cars and locomotives of the company are placed and used on many tracks connected with a car-house. The plaintiff was engaged, with half a dozen other men, under the control of a foreman, in taking up and relaying one of the tracks in this yard. A switch-engine usually employed in transferring cars from one track to another in this yard, and from one place to another, with several hands, including fireman and engineer, under the control of another manager or conductor, struck the defendant while engaged in the work of replacing the rails of a track, and inflicted the injury for which the verdict was rendered.

It was insisted by the defendant at the trial, and the court was asked to instruct the jury, that the plaintiff and the man in charge of the engine were servants and co-employes of the railroad company in the sense of the rule of law which exempts the company from liability to one such servant for the injuries arising from the negligence or want of care of the other. The court declined to do this, but, instead of it, charged the jury on that point as follows:

"There is a principle of law that where one man in the employment of another is injured by the carelessness of a third man, who is also employed by the same man, that the common employer is not responsible for the carelessness of the one who injured the other. There is that general principle.

[1] Reported by Robertson Howard, Esq., of the St. Paul bar.
 See note at end of case.

It is liable to a great many exceptions, such as that they must be in the same common employment. I say to you, and relieve you of all trouble about that, that these men, the plaintiff and the others, were not in the common employment of the railroad company with the party who had charge of the cars that injured the plaintiff; so that is out of your way."

To this charge the defendant excepts, and relies mainly on this exception to obtain a new trial. The question thus presented is one which has been much considered of late in the courts of last resort in the states, and much discussed at the bar in these and in inferior courts. There is no unanimity in the decisions of the courts nor in opinion of the profession. After re-examining the matter, as I have done, in the light of these decisions and of sound principle, to the best of my ability to understand what that may be in this connection, I remain of the opinion that a common hand engaged in the business of distributing iron rails along the side of a track, to be laid in place of other rails removed from that track, and under the control, with six or eight other men, of a boss or foreman, is not in the same employment as a man controlling and managing a switch-engine not used in carrying these rails, but in moving and transferring from one place to another cars not engaged in the business of relaying said track. And this, in my personal judgment, as a matter of sound principle, is also the necessary result of the latest decision of the supreme court of the United States on the same subject in the case of *Chicago, M. & St. P. Ry. Co.* v. *Ross*, 112 U. S. 377; S. C. 5 Sup. Ct. Rep. 184. The length of time that case was held under consideration by the court, and the ultimate dissent of several of its members, show the serious attention it received, and by it I am governed.

Other matters are suggested as grounds of a new trial; but I am satisfied that in regard to them the court committed no error to the prejudice of defendant.

Let an order be entered overruling the motion for a new trial

### NOTE.

#### *Risks of Employment—Negligence of Fellow and Superior Servants.*

1. RISKS OF EMPLOYMENT. When a person enters into the service of another he assumes all the ordinary risks incident to the employment, Woodworth v. St. Paul, M. & M. Ry. Co., 18 Fed. Rep. 282; Mentzer v. Armour, Id. 373; Sunney v. Holt, 15 Fed. Rep. 880; Howland v. Milwaukee, L. S. & W. Ry. Co., 11 N. W. Rep. 529; Herbert v. Northern Pac. R. Co., 13 N. W. Rep. 349; Piquegno v. Chicago & G. T. R. Co., 17 N. W. Rep. 232; Richards v. Rough, 18 N. W. Rep. 785; Madden v. Minneapolis & St. L. Ry. Co., 20 N. W. Rep. 317; Hannibal & St. J. R. Co. v. Fox, 3 Pac. Rep. 320; Leary v. Boston & A. R. Co., 2 N. E. Rep. 115; and the employer agrees, by implication of law, not to subject him to extraordinary or unusual peril, and that he will furnish and maintain in repair suitable machinery, reasonably safe, with which to perform this work. Gravelle v. Minneapolis & St. L. Ry. Co., 10 Fed. Rep. 711; Armour v. Hahn, 4 Sup. Ct. Rep. 433; Thompson v. Drymala, 1 N. W. Rep. 255; Thompson v. Hermann, 3 N. W. Rep. 579; Braun v. Chicago, R. I. & Pac. R. Co., 6 N. W. Rep. 5; Herbert v. Northern Pac. R. Co., 13 N. W. Rep. 349; Moran v. Harris, 19 N. W. Rep. 278; Solomon R. Co. v. Jones, 2 Pac. Rep. 657; McGee v. Boston Cordage Co., 1 N. E. Rep. 745; Bowers v. Union Pac. R. Co., 7 Pac. Rep. 251; Cunningham v. Union Pac. Ry. Co., Id. 795; Bean v. Oceanic Steam Nav. Co., 24 Fed. Rep. 124; but he does not covenant to furnish machinery and appliances that are safe beyond a contingency, nor that they are as safe as those of others using the same kind. Richards v. Rough, 18 N. W. Rep. 785; Sjogren v. Hall, Id. 812; Batterson v. Chicago & G. T. R. Co., Id. 584. The employe takes upon himself those risks,

and only those, that are usually incident to the employment engaged in, and in absence of statute the negligence of a fellow-servant is a risk assumed by the employe as a risk of the business or employment. Thompson v. Chicago, M. & St. P. Ry. Co., 14 Fed. Rep. 564; Totten v. Pennsylvania R. Co., 11 Fed. Rep. 564. It has been held that a master is liable in damages for taking an inexperienced employe into danger without warning, Parkhurst v. Johnson, 15 N. W. Rep. 107; but infancy or ignorance of the employe does not, of itself, give him cause of action against his employer for injury resulting from setting him at dangerous work, if it appears that the employe was of average intelligence, and that his duties were explained to him when he entered upon the employment. McGinnis v. Canada Southern Bridge Co., 13 N. W. Rep. 819.   Yet where an employe is put at other and more dangerous employment than he undertook to do. and is in-, jured, the master will be liable.   Jones v. Lake Shore & M. S. Ry. Co., 14 N. W. Rep. 551. Where a servant, knowing the hazard of the employment as the business is conducted, is injured while engaged therein, he cannot recover merely on the ground that there was a safer way of conducting the business, the adoption of which would have prevented the injury.   Naylor v. Chicago & N. W. Ry. Co., 11 N. W. Rep. 24; Lopez v. Central Arizona Min. Co., 2 Pac. Rep. 748; Stafford v. Chicago, B. & Q. R. Co., 2 N. E. Rep. 185.

A railroad employe does not necessarily assume the risks incident to the use of unsafe machinery furnished him because he knows its character and condition; but it is necessary that he understood, or by exercise of common observation ought to have understood, *the risks* to which he was exposed by its use.   Russell v. Minneapolis & St. L. Ry. Co., 20 N. W. Rep. 147; Cook v. St. Paul, M. & M. Ry. Co., 24 N. W. Rep. 311.   And in a recent case it is said that while the servant assumes the ordinary risks of his employment, and, as a general rule, such ordinary risks as he may knowingly and voluntarily see fit to encounter, he does not stand upon the same footing with the master as respects the matter of care in inspecting and investigating the risks to which he may be exposed.   He has a right to presume that the master will do his duty in this respect, so that, when directed by proper authority to perform certain services, or to perform them in a certain place, he will ordinarily be justified in obeying orders without being chargeable with contributory negligence or the assumption of the risk of so doing, provided he does not rashly and deliberately expose himself to unnecessary and unreasonable risks which he knows and appreciates.   Cook v. St. Paul, M. & M. Ry. Co., 24 N. W. Rep. 311.

(1) *Ordinary Risks.*   It may be said to be well settled that one who voluntarily enters the service of another takes upon himself the natural and ordinary risks incident to such employment, Smith v. Railway Co., 69 Mo. 38; Porter v. Railway Co., 60 Mo. 160; Coombs v. Cordage Co., 102 Mass. 572; Perry v. Marsh, 25 Ala. 659; Gibson v. Erie Ry. Co., 63 N. Y. 449; Toledo, etc., Ry. Co. v. Black, 88 Ill. 112; Gibson v. Pacific R. Co., 46 Mo. 163; Wonder v. Baltimore, etc., R. Co., 32 Md. 411; Strahlendorf v. Rosenthal, 30 Wis. 674; as well as those growing out of patent or known defects. De Forest v. Jewett, 23 Hun, 490.   In the case of Blake v. Railroad Co., 10 Reporter, 426, it was held by the supreme court of Maine that the servant undertakes or contracts against all the natural or ordinary risks of the employment, including that of the negligence of fellow-servants, and a number of cases uphold the same doctrine.   Beaulieu v. Portland Co., 48 Me. 295; Lawler v. Androscoggin R. Co., 62 Me. 467; Warner v. Erie Ry. Co., 39 N. Y. 469; Zeigler v. Day, 123 Mass. 152.   A number of others hold that this is true only where the negligent servant is not his superior in authority.   Kielley v. Belcher Silver Min. Co., 3 Sawy. 437; Georgia R. & B. Co. v. Rhodes, 56 Ga. 645; Wood v. New Bedford Coal Co., 121 Mass. 252; Hardy v. Carolina Cent. Ry. Co., 76 N. C. 6.

The employe assumes those risks growing out of want of skill on the part of any fellow-servant, provided the master has used due care and diligence in the selection, Colton v. Richards, 123 Mass. 484; Cummings v. Grand Trunk Ry. Co., 4 Cliff. ——; see Harper v. Indianapolis & St. L. R. Co., 47 Mo. 567; or retention of such fellow-servant, Columbus, etc., Ry. Co. v. Troesch, 68 Ill. 545; for the employer does not warrant the competency of fellow-servants, Browne, Dom. Rel. 126, nor the perfection of the machinery.   Columbus, etc., Ry. Co. v. Troesch, 68 Ill. 545; Hough v. Railway Co., 100 U. S. 213.   But the servant does not engage against the negligence or malfeasance of the employer himself, who is always required to use due care and reasonable diligence for the protection of his employes.   State v. Malster, 12 Reporter, 783; Brydon v. Stewart, 2 Macq. H. L. Cas. 30; Paterson v. Wallace, 1 Macq. H. L. Cas. 748; Weems v. Mathieson, 4 Macq. H. L. Cas. 215; Hallower v. Henley, 6 Cal. 209; Chicago, etc., Ry. Co. v. Jackson, 55 Ill. 492; Gibson v. Pacific R. Co., 46 Mo. 163; Coombs v. Cordage Co., 102 Mass. 572; Cayzer v. Taylor, 10 Gray, 274; Seaver v. Boston, etc., R. R., 14 Gray, 466; Snow v. Housatonic R. Co., 8 Allen, 441; Gilman v. Eastern R. Corp., 10 Allen, 233; S. C. 13 Allen, 433; Clarke v. Holmes, 7 Hurl. & N. 937; Browne, Dom. Rel. 127.   The employer is liable for an injury arising from his own negligence, even though the negligence of a fellow-servant or co-servant contributed thereto.   Steller v. Chicago & N. W. Ry. Co., 1 N. W. Rep. 112.

(2). *Unusual Risks.* An employe does not assume any unusual or unknown risks, and the employer is under obligation to inform him, at the time of his employment, of all facts within his knowledge affecting the safety of the servant in the work to be performed, when the servant is ignorant of such facts, McGowan v. La Plata M. & S. Co., 9 Fed. Rep. 861; Baxter v. Roberts, 44 Cal. 187; Strahlendorf v. Rosenthal, 30 Wis. 675; particularly in those cases where the service is dangerous to a degree beyond that which manifestly appears, Browne, Dom. Rel. 126; or if the servant, because of youth or want of judgment, does not comprehend the extent of the manifest risks, Dowling v. Allen, 74 Mo. 13;·or by reason of inexperience the employe does not and cannot fully appreciate the situation and danger. Sullivan v. India Manuf'g Co., 113 Mass. 396; Fones v. Phillips, 39 Ark. 17.

The employer is in duty bound to make known all concealed dangers, Dowling v. Allen, 74 Mo. 13; particularly where the employment itself is free from danger, and· the existing peril grows out of extrinsic causes or circumstances not discernible to the ordinary observer, or discoverable by the use of ordinary prudence and precaution, Perry v. Marsh, 25 Ala. 659; Spelman v. Fisher Iron Co., 56 Barb. 151; or where, from extraneous causes, the employment is hazardous and dangerous to a degree beyond what it fairly imports or is understood to be, Baxter v. Roberts, 44 Cal. 187; Perry v. Marsh, 25 Ala. 659; and is never justified in knowingly or negligently exposing his employe to an extraordinary or unusual or unreasonable peril in the course of his employment, and against which such employe, for want of knowledge or skill or physical ability, cannot, by the use of ordinary care and prudence, under the circumstances,—the environment of the moment,— guard himself. State v. Malster, 12 Reporter, 783; Wonder v. Railroad Co., 32 Md. 411; Hanrathy's Case, 46 Md. 280; Hutchinson v. Railway Co., 5 Exch. 343; Wigmore v. Jay, Id. 354; Roberts v. Smith, 2 Hurl & N. 213; Williams v. Clough, 3 Hurl & N. 258; Hough v. Railway Co., 100 U. S. 213.

It was held in Baxter v. Roberts, 44 Cal. 187, where a man employed a carpenter to build a house for him on a lot, the title to which was in dispute, without advising him of such contested ownership, and of the forcible resistance with which he would meet, and the carpenter was unexpectedly attacked and injured by the parties claiming adversely, the employer was held liable in damages; and where a miner was employed to sink deeper a shaft which was cracked, and by reason thereof was dangerous, of which the employer had full knowledge, without being informed of such crack or opening in the side of the shaft, and knew nothing respecting it, and was subsequently injured, while at work, by the caving of the shaft, the master was held liable. Strahlendorf v. Rosenthal, 30 Wis. 675.

While it is the duty of the employer to inform his employe respecting any unusual or unseen dangers, yet he is not required to give particular instructions to guard against such dangers as are evidently obvious, though unusual. Costello v. Judson, 10 Reporter, 786; Haycroft v. Lake Shore & M. S. Ry. Co., 2 Hun, 489; S. C. 64 N. Y. 636; Thurber v. Harlem Bridge, M. & F. R. Co., 60 N. Y. 326; Sullivan v. India Manuf'g Co., 113 Mass. 396; Shear. & R. Neg. §§ 49, 50.

An employe is not bound or required to risk his personal safety in the services of his employer, and may decline any services in which he reasonably apprehends danger to himself, Green & Coates Sts. Ry. Co. v. Bresmer, 11 Reporter, 752; Hayden v. Manuf'g Co., 29 Conn. 548; Railroad Co. v. Barber, 5 Ohio St. 541; Wheat. Neg. § 217; and if he continues in the employer's service after he ascertains the peril, or learns of the defectiveness and dangerousness of the machinery or appliances which increase the peril, he cannot recover, Greenleaf v. Illinois Cent. R. Co., 29 Iowa, 14; Green & Coates Sts. Ry. Co. v. Bresmer, 11 Reporter, 752; unless there was a promise on the part of the employer that the danger should be lessened or removed. Haskin v. Railroad Co., 65 Barb. 129; Frazier v. Railway Co., 38 Pa. St. 104.

It has been held by the supreme court of Ohio, in a recent case, Union Manuf'g Co. v. Morrissey, 40 Ohio St. 148, on the weight of English and American authority, Holmes v. Worthington, 2 Fost. & F. 533; Clarke v. Holmes, 7 Hurl. & N. 937; Hough v. Railway Co., 100 U. S. 213, that where an employe, while using a machine, learns that it is defective and dangerous, complains to the foreman, who is charged with the duty, among others, of keeping such machine in repair, and the foreman promises to remedy the defect and remove the danger, and directs the employe to go to work with the defective and dangerous machinery, and such employe is injured, the employer will be liable. Where an employe continues to work with machinery rendered unusually dangerous, because defective or out of repair, under a promise of repair, the employer will be liable for injuries occasioned by reason of such defects; otherwise, however, where no complaint is made and no promise to repair. Way v. Illinois Cent. R. Co., 40 Iowa, 341; Muldowney v. Illinois Cent. R. Co., 39 Iowa, 615; Kroy v. Chicago, R. I. & P. R. Co., 32 Iowa, 357; Greenleaf v. Illinois Cent. R. Co., 29 Iowa, 14; Shear. & R. Neg. § 99.

2. NEGLIGENCE OF FELLOW-SERVANT. The employer is not liable to a servant for any injury resulting from the negligence of a fellow-servant in the same line or department

of employment, provided the employer exercised due care in the selection or retention of the negligent employe. Buckley v. Gould & Curry Silver Min. Co., 14 Fed. Rep. 833; Gravelle v. Minneapolis & St. L. Ry. Co., 10 Fed. Rep. 711; Crew v. St. Louis, K. & N. W. Ry. Co., 20 Fed. Rep. 87; Johnson v. Armour, 18 Fed. Rep. 490; Gilmore v. Northern Pac. Ry. Co., Id. 866; The Harold, 21 Fed. Rep. 428; Hart v. Peters, 13 N. W. Rep. 219; Herbert v. Northern Pac. R. Co., Id. 349; Heine v. Chicago & N. W. Ry. Co., 17 N. W. Rep. 420; Neilson v. Gilbert, 23 N. W. Rep. 666; Willis v. Oregon Ry. & Nav. Co., 4 Pac. Rep. 121; Stafford v. Chicago, B. & Q. R. Co., 2 N. E. Rep. 185. This is one of the risks assumed. Quincy Min. Co. v. Kitts, 3 N. W. Rep. 240; Brown v. Winona & St. P. R. Co., 6 N. W. Rep. 484; Benn v. Null, 21 N. W. Rep. 700; Foley v. Chicago, R. I. & P. R. Co., Id. 124; Malone v. Burlington, C. R. & N. Ry. Co., Id. 756; Luce v. Chicago, St. P., M. & O. R. Co., 24 N. W. Rep. 600.

It has been held by a number of well-considered cases that where an employe is injured by the negligence of a co-servant and himself, if such injury could have been avoided by the exercise of ordinary care on the part of the co-servant, the common master will be liable. Louisville & N. R. Co. v. Robinson, 4 Bush, 507; Toledo, etc., Ry. Co. v. O'Connor, 77 Ill. 391. But the current of decisions and the weight of authority is to the effect that where the employer uses due diligence in selecting competent and trustworthy servants, and furnishes them with suitable tools and means with which to perform the services for which they were employed, he is not answerable in damages to one of them for injuries resulting from or caused by the negligence of a fellow-servant in the same service. Farwell v. Boston, etc., R. Corp., 4 Metc. 49; Hubgh v. New Orleans & C. R. Co., 6 La. Ann. 495; Beaulieu v. Portland Co., 48 Me. 291; McDermott v. Pacific R. Co., 30 Mo. 115; Anderson v. New Jersey Steam-boat Co., 7 Robt. 611, Ponton v. Wilmington & W. R. Co., 6 Jones, Law, 245; Illinois Cent. R. Co. v. Cox, 21 Ill. 20; Columbus, etc., R. Co. v. Webb, 12 Ohio St., 475; Michigan Cent. R. Co. v. Leahey, 10 Mich. 193; Sullivan v. Mississippi & M. R. Co., 11 Iowa, 421; Caldwell v. Brown, 53 Pa. St. 453; Fox v. Sandford, 4 Sneed, 36; Michigan Cent. R. Co. v. Dolan, 32 Mich. 510; Dillon v. Union Pac. R. Co., 3 Dill. 319; Howd v. Mississippi Cent. R. Co., 50 Miss. 178; Lee v. Detroit Bridge & Iron Co., 62 Mo. 565; Kielley v. Belcher Silver Min. Co., 3 Sawy. 500; Memphis & C. R. Co. v. Thomas, 51 Miss. 637; Sullivan v. Toledo, etc., Ry. Co., 58 Ind. 26; Smith v. Lowell Manuf'g Co., 124 Mass. 114; Walker v. Bolling, 22 Ala. 294; Shields v. Yonge, 15 Ga. 349; Honner v. Illinois Cent. R. Co., 15 Ill. 550; Madison, etc., R. Co. v. Bacon, 6 Ind. 205; Ohio, etc., R. Co. v. Tindall, 13 Ind. 366; Slattery v. Toledo, etc., Ry. Co., 23 Ind. 81; Carle v. Bangor, etc., R. Co., 43 Me. 269; Hayes v. Western R. Corp., 3 Cush. 270; King v. Boston, etc., R. Corp., 9 Cush. 112; Brown v. Maxwell, 6 Hill, 592; Coon v. Syracuse, etc., R. Co., 5 N. Y. 492; Karl v. Maillard, 3 Bosw. 591; Weger v. Pennsylvania R. Co., 55 Pa. St. 460; Strange v. McCormick, 1 Phila. 156; Moseley v. Chamberlain, 18 Wis. 700; Whaalan v. Mad River & L. E. R. Co., 8 Ohio St. 249; Pittsburg, etc., Ry. Co. v. Devinney, 17 Ohio St. 197; Chamberlain v. Milwaukee, etc., R. Co., 11 Wis. 238; Columbus, etc., Ry. Co. v. Arnold, 31 Ind. 174; Foster v. Minnesota Cent. Ry. Co., 14 Minn. 360, (Gil. 277;) Cooper v. Milwaukee, etc., Ry. Co., 23 Wis. 668; Lalor v. Chicago, etc., R. Co., 52 Ill. 401; Chicago, etc., Ry. Co. v. Murphy, 53 Ill. 336; Brothers v. Cartter, 52 Mo. 372; Hogan v. Central Pac. R. Co., 49 Cal. 129; Warner v. Erie Ry. Co., 39 N. Y. 468; Laning v. New York Cent. R. Co., 49 N. Y. 521; Flike v. Boston, etc., Ry. Co., 53 N. Y. 542; Wright v. New York Cent. R. Co., 25 N. Y. 562; Coulter v. Board of Education, 4 Hun, 569; Summerhays v. Kansas Pac. Ry. Co., 2 Colo. 484.

Some of the cases go even to the extreme, and hold that the employe assumes all the risks growing out of the negligence of his fellow-servants in positions of greater authority and responsibility, or in a different line of employment, so long as both are in the same general business, and the negligence of the one may contribute to the danger of the other. Quincy Min. Co. v. Kitts, 42 Mich. 34; S. C. 3 N. W. Rep. 240. See Laning v. New York Cent. R. Co., 49 N. Y. 521; Chicago & A. R. Co. v. Murphy, 53 Ill. 336. And a well-known law writer in a recent volume maintains the same general doctrine. Browne, Dom. Rel. 121–131. This, however, is an unsettled question; but the weight of authority and reason, it seems to the writer, is to the effect that the employer is liable for the negligence of a superior servant in charge of the injured servant, when such negligence caused the injury.

When the servants are in different departments of the general employment, which are essentially *foreign* to each other, the master is liable for the negligence of a fellow-servant producing injury. King v. Ohio, etc., R. Co., 14 Fed. Rep. 277. So is he, when he has been notified of the negligence or inefficiency of such servant. Ross v. Chicago, M. & St. P. Ry. Co., 8 Fed. Rep. 544; affirmed (by a divided court) in the supreme court of the United States in the case of Chicago, M & St. P. Ry. Co. v. Ross, 5 Sup. Ct. Rep. 184.

(1) *Who are Fellow-Servants.* It has been said that where different persons are employed in a work "where the general object to be accomplished is one and the same, the employer the same, the several servants deriving authority and compensation from

the same source, all employes and agents, from the highest to the lowest, are to be regarded as fellow-servants, no matter how remote from each other they may usually be occupied, or how distinct in character and nature may be their respective duties and employment, and without any difference in rank or authority." Buckley v. Gould & Curry Silver Min. Co., 14 Fed. Rep. 833, in note on 841, citing Wilson v. Merry, L. R. 1 H. L. Sc. App. 326; Bartonshill Coal Co. v. Reid, 3 Macq. 295; Allen v. Gas Co., 1 Exch. Div. 251; Rourke v. White Moss Colliery Co., 1 C. P. Div. 556; Railroad Co. v. Fort, 17 Wall. 553; Blake v. Maine Cent. R. Co., 70 Me. 60; Albro v. Agawam Canal Co., 6 Cush. 75; Gillshannon v. Stony Brook R. Co., 10 Cush. 228. But it has been more correctly held recently that fellow-servants or co-servants, within the rule, are persons engaged in the same common service under the same general control. Gravelle v. Minneapolis & St. L. Ry. Co., 10 Fed. Rep. 711. It is said that a brakeman making a switch for his train on one track in a railroad yard is a fellow-servant with the engine-man of another train of the same corporation upon an adjacent track, and cannot recover for negligence of such engine-man. Randall v. Baltimore & O. R. Co., 3 Sup. Ct. Rep. 322. A foreman under a boss carpenter is a fellow-servant of other workmen. Peschel v. Chicago, M. & St. P. Ry. Co., 21 N. W. Rep. 269. Foremen are fellow-servants, for whose negligence the master is not liable, unless he has delegated to such foreman some duty imposed by law on the master. Copper v. Louisville, E. & St. L. R. Co., 2 N. E. Rep. 749. Master of vessel is a fellow-servant with its mate. Mathews v. Case, 21 N. W. Rep. 513. Car-inspector fellow-servant with brakeman. Smith v. Potter, 9 N. W. Rep. 273. Miner who mines coal, and one who labors upon roadway in miners' room, is. Troughear v. Lower Vein Coal Co., 17 N. W. Rep. 775. And it was recently held that a servant or employe of a railroad company engaged in constructing and repairing tunnels on the line of its road is a fellow-servant of the engineer in charge of the train which conveys him to and from his work. Copper v. Louisville, E. & St. L. R. Co., 2 N. E. Rep. 749. So is a foreman who directs removal of cars to yard to be repaired, with brakeman. Fraker v. St. Paul, M. & M. Ry. Co., 19 N. W. Rep. 349. Conductor of brakeman, Pease v. Chicago & N. W. Ry., 20 N. W. Rep. 908; but not of engineer. Ross v. Chicago, M. & St. P. Ry. Co., 8 Fed. Rep. 544; Chicago, M. & St. P. Ry. Co. v. Ross, 5 Sup. Ct. Rep. 184. But the conductor of a construction train, and workmen on same under him, not. Chicago, St. P., M. & O. Ry. Co. v. Lundstrum, 20 N. W. Rep. 198. Road-master is not with workmen. Atchison, T. & S. F. R. Co. v. Moore, 1 Pac Rep. 611. Car-repairer boss, and workman under him, not. Hannibal & St. J. R. Co. v. Fox, 3 Pac. Rep. 320. Superintendent of a work, not of the workmen. Pantzar v. Tilly Foster Min. Co., 2 N. E. Rep. 24.

Any servant invested with control or superiority over another in any particular part of the business is not a fellow-servant within the meaning of the rule. Gravelle v. Minneapolis & St. L. Ry. Co., 10 Fed. Rep. 711. It may be laid down as a general principle that where one servant has an authority or control over the other, or has been charged by the master with providing and keeping in repair proper machinery, that he is not the fellow-servant of one working according to his directions, or using the machinery or appliances provided by him. Gilmore v. Northern Pac. Ry. Co., 18 Fed. Rep. 866.

3. SUPERIOR SERVANTS. To constitute one vice-principal or superior servant the master must have committed to him the virtual and substantial control of the business, and the power to do all acts necessary to its conduct, Willis v. Oregon Ry. & Nav. Co., 4 Pac. Rep. 121 ; or is charged with providing and maintaining in good repair the machinery to be used by the workmen. Gilmore v. Northern Pac. Ry. Co., 18 Fed. Rep. 866. And when the master delegates duties which the law imposes upon him to an agent or employe, the latter, whatever may be his rank, in performing such duties, acts as the master, and if a servant of the common master is injured by the negligence of such agent or employer in performing such duties, the master is liable. Copper v. Louisville, E. & St. L. R. Co., 2 N. E. Rep. 749.

The employer is liable for the negligence of a superior-servant whose orders the injured servant is required to obey, which causes injury to another employe, even though he be in the same general line of employment, Schultz v. Chicago, M. & St. P. R. Co., 4 N. W. Rep. 399; Berea Stone Co. v. Kraft, 31 Ohio St. 287; Little Miami R. Co. v. Stevens, 20 Ohio. 415; Cleveland, C. & C. R. Co. v. Keary, 3 Ohio St. 201; Mad River & L. E. R. Co. v. Barber, 5 Ohio St. 541; Whaalan v. Mad River & L. E. R. Co., 8 Ohio St. 249; Pittsburg, Ft. W. & C. Ry. Co. v. Devinney, 17 Ohio St. 197; Cowles v. Richmond & D. R. Co., 84 N. C. 309; Galveston, etc., R. Co. v. Delahunty, 53 Tex. 206; McCosker v. Railroad Co., 12 Reporter, 278; Railway Co. v. Levalley, Id. 374; Shear. & R. Neg. § 96; Whart. Neg. § 205; and the injured servant is not guilty of such contributory negligence as may be regarded as the proximate cause of the injury. Farmer v. Central Iowa Ry. Co., 24 N. W. Rep. 895. A contrary doctrine is maintained in some cases; see Laning v. New York Cent. R. Co., 49 N. Y. 521; Peterson v. Whitebreast Coal & M. Co., 50 Iowa, 673; Chicago & A. R. Co. v. Murphy, 53 Ill. 336; Lawler v. Androscoggin R. Co., 62 Me. 463; even where such superior servant is a foreman or superintendent, Malone v. Hathaway, 64 N. Y. 5; Brothers v. Cartter, 52 Mo. 372 · Lewis v. St.

Louis & I. M. R. Co., 59 Mo. 495; Wilson v. Merry, 1 H. L. Sc. App. 326; Wigmore v. Jay, 5 Exch. 354; unless the employer have knowledge of the incompetency of the servant complained of, Blake v. Maine Cent. R. Co., 70 Me. 60; Colton v. Richards, 123 Mass. 484; Cummins v. Grand Trunk Ry. Co., 4 Cliff. ——; or unless he was originally at fault in the selection of such negligent servant.    McDonald v. Hazletine. 53 Cal. 35.

The court say, in the case of State v. Malster, 12 Reporter, 783, that to the general rule of non-responsibility there is this qualification or exception, to-wit:    That where the superintendent or overseer and directing servant is intrusted with the discharge of the duties incumbent upon the master, as between him and his general servants, then the master may be held responsible for the omission of the manager or superintendent in respect to those duties intrusted to him which the master is bound to perform; and there are other cases holding to the same effect.    Murphy v. Smith, 19 C. B. (N. S.) 361; Malone v. Hathaway, 64 N. Y. 5; Moran's Case, 44 Md. 283 ; Whart. Neg. ? 229.    Irving Browne makes two exceptions, and draws the distinctions to a nice shade, Browne, Dom. Rel. 132:  First, in the case of corporations, where the delegation of authority to agents of different grades of authority and responsibility is a matter of necessity, the corporation being unable to act except through agents, and as such agents occupy the place of a master, the corporation is said to be present in these agents, and consequently liable for the manner in which they perform their duties, Flike v. Boston & A. R. Co., 53 N. Y. 549;  Dobbin v. Richmond & D. R. Co., 81 N. C. 446; and, second, where a master delegates his powers and authority over the work and the employes, including the power of selecting and discharging employes, purchasing and repairing machinery, and constitutes him, as Browne terms it, the alter ego, Corcoran v. Holbrook, 59 N. Y. 517;  Mullan v. Steam-ship Co., 78 Pa. St. 25;  Mitchell v. Robinson, 80 Ind. 281; because in such a case the negligence, as well as the knowledge and notification of the agent, is attributable to the master.    Patterson v. Pittsburg & C. R. Co., 76 Pa. St. 389; Ford v. Fitchburg R. Co., 110 Mass. 240.    In the much-discussed case of Chicago, M. & St. P. Ry. Co. v. Ross, 5 Sup. Ct. Rep. 184, it was held by the supreme court of the United States (by a divided court) that the conductor of a railway train is the representative of the company, standing in its place and stead in the running of the train, and holding the company liable for an injury occasioned by the negligence of such conductor to an engineer on the train.

In Kain v. Smith, 3 Ohio Law J. 154, the New York court of appeals held that the master is liable for injuries caused by defects in machinery or apparatus which should have been discovered and remedied by the master mechanic or foreman, when such defects caused the injury complained of.    It has been held in Missouri, Marshall v. Schricker, 63 Mo. 309, that " the employer cannot be charged with negligence of one who was merely a foreman over the plaintiff, not engaged in a distinct part of the general service, but in the same work with the plaintiff, and not charged with any executive duties or control over plaintiff which would constitute him the agent of the employer."    This is a place where Browne's alter ego doctrine comes into play; but, according to the writer's way of viewing the question, this is not in accord with the current of the decisions and the weight of authority.  The weight of authority, at least in the more recent cases, is to the effect that, no matter whether the foreman or superior servant is vested with " executive powers " or not, if an inferior employe is required to obey the directions of such superior servant or foreman in charge, he is not a fellow-workman within the rule, and the common master will be liable in damages for any negligence on the part of such superior servant or foreman in charge, which results in injury to an inferior servant or employe; and particularly when such inferior servant or employe is injured while attempting to perform an act directed by such foreman or superior servant.    Dowling v. Allen, 74 Mo. 13.    It may be laid down as a general rule that a master is liable for all injuries caused by the negligence of a fellow-servant, when such fellow-servant is empowered with superior authority and may direct the inferior.    Cowles v. Richmond & D. R. Co., 84 N. C. 309;  Lake Shore & M. S. Ry. Co. v. Lavalley, 36 Ohio St. 221.    Thus, in the case of McCosker v. Long Island R. Co., 10 Reporter, 608, the New York court of appeals held that a yard-master of a railway company, who had charge of the making up of trains, and the power to employ and discharge subordinates, stands in the place of the company pro hac vice.    And there are a number of cases to the same effect.    See Laning v. New York Cent. R. Co., 49 N. Y. 521;  Brickner v. New York Cent. R. Co., Id. 672;  Flike v. Boston & A. R. Co., 53 N. Y. 549;  Malone v. Hathaway, 64 N. Y. 5; Besel v. New York Cent. & H. R. R. Co., 70 N. Y. 171;  Fort v. Whipple, 11 Hun, 586; Eagan v. Tucker, 18 Hun, 347;  Mullon v. Steam-ship Co., 78 Pa. St. 26;  Railway Co. v. Lewis, 33 Ohio St. 196;  Dobbin v. Richmond & D. R. Co., 81 N. C. 446;  The Clatsop Chief, 7 Sawy. 274;  S. C. 8 Fed. Rep. 163.    In the case of The Clatsop Chief it is said : " The deceased was merely the fireman of the Clatsop Chief, and, as such, subject to the orders of the master.    He was an inferior servant, injured by the misconduct of a superior one, for which injury there is much authority and more reason for holding the common employer liable."    This is manifestly the only just and equitable doctrine.    It may be a breaking away from the rigorous and inequitable rules of the En-

glish common law, and from the former doctrine in this country; see Buckley v. Gould & C. Min. Co., 14 Fed. Rep. 833, and note, 840, but the tide seems to be now fully set in the direction of justice and humanity, and the poor laborer, who, under the old rule, was left to be driven about by the winds of chance, stranded upon the shoals of misfortune, or wrecked upon the rocks of adversity, will be better protected in his person and his rights in the future. Packet Co. v. McCue, 17 Wall. 513; Railroad Co. v. Fort, Id. 557; Berea Stone Co. v. Kraft, 31 Ohio St. 289; Chicago & N. W. R. Co. v. Moranda, 93 Ill. 302; Devany v. Vulcan Iron Works, 4 Mo. App. 236; Gormly v. Vulcan Iron Works, 61 Mo. 492; The Chandos, 6 Sawy. 548.

*St. Paul, Minn.* JAS. M. KERR.